Filed March 18, 1890.

---

No. 13,942.

## SHIRTS ET AL. *v.* NOBLESVILLE TOWNSHIP.

TOWNSHIP.— *County Commissioners.*—*Employment of Attorneys by.*—*Liability of Township for.*—Where attorneys are employed by the board of county commissioners in a proceeding against a county auditor to compel that officer to place certain taxes on the duplicate, the township in which the alleged taxable property is situated is not liable for the payment of the fees of said attorneys.

SAME.—*Attorney's Fees.*—*Non-Liability of Township.*—*Employment by County Commissioners.*—The service for which compensation is claimed having been performed in pursuance of the request of the board of county commissioners in an action against the county auditor, without any employment from the township authorities, the township can not be held liable.

SAME.—*Attorney's Fees.*— *When Township Bound for.*—*County Commissioners.*—*How Far can Bind Township.*—To bind the township, in the present instance, its obligation must be predicated upon some statute imposing liability, or it must have arisen out of a contract either express or im-

plied, and the contract must have been made by the township, or by some one on its behalf who had authority, and who undertook to bind it as its agent. There is no statute imposing such liability, and the board of county commissioners can only bind the township in matters specifically prescribed and pointed out in the law. It does not appear, however, that the board of commissioners assumed to act for the township. The presumption is that the board was acting for the county.

From the Hamilton Circuit Court.

*A. F. Shirts, G. Shirts* and *W. R. Fertig,* for appellants.

*J. Stafford* and *T. E. Boyd,* for appellee.

MITCHELL, C. J.—In September, 1885, an application was made to the Hamilton Circuit Court for a mandate to compel the county auditor of Hamilton county, to place certain taxes, amounting to $14,000, on the tax duplicate. It was alleged that a donation of that amount had been voted in aid of a certain railroad by the legal voters of Noblesville township, and that the above sum was justly chargeable against the taxable property of the taxpayers in that township. At the request of the board of commissioners the appellants, as attorneys, resisted the application thus made, and after an appeal to this court, succeeded in defeating the collection of the tax. In doing this they performed professional services in pursuance of the request of the county board, which were of the value of $500. The township was not a party to the proceeding, nor does it appear that the township authorities employed the appellants, or gave any attention to the suit. At the time the county commissioners requested them to appear and defend the proceedings against the county auditor, and at the time the services were rendered, there existed a written contract between the appellants and the county board, by the terms of which, for a fixed annual salary, the former agreed to "defend all suits by or against the county, or to which it may be a party, in all courts whatsoever, defend pauper criminals in Hamilton Circuit Court and other courts on change of venue therefrom or in the Supreme Court on appeal, advise with your

board and the various county officers in reference to the management of county affairs, and represent the interest of the county generally as such attorneys."

The appellants sued the township to recover the value of their services rendered in the suit brought against the county auditor, and the question on this appeal is, whether or not, upon the facts above stated, a judgment adverse to the plaintiffs below should be reversed or affirmed.

When it is conceded that the services for which compensation is now claimed were performed in pursuance of the request of the board of county commissioners, in an action against the county auditor, without any employment from the township authorities, it is difficult to discover any principle upon which the township can be held liable. If the township became bound for the services of the attorneys in the proceeding above mentioned, its obligation must be predicated upon some statute imposing liability, or it must have arisen out of a contract, either express or implied, and the contract must have been made by the township, or by some one on its behalf, who had authority, and who undertook to bind it as its agent.

We are not aware of any statute which makes townships liable for any of the expenses incurred in a proceeding instituted by a railroad company against a county auditor, to compel that officer to place taxes on the duplicate, nor does a township come under an implied obligation to pay the expenses of a proceeding such as that in which the appellants performed professional services. It is true that for certain purposes the board of commissioners of a county is required to act as an agent or instrumentality through which a township may make a donation or subscription to the stock of a railroad company. But the powers of the agent are defined by law, of which all persons dealing with it are bound to take notice. It can only bind the township in respect to matters specifically prescribed and pointed out in the law, so that, even if the county commissioners had assumed to em-

ploy the appellants on behalf of the township, as its agents, in the absence of authority to do so, the township would not be bound.

It does not appear, however, that the board of commissioners assumed to act for the township. The presumption is that the board was acting for the county, and whether the services came within the contract which the appellants had, as county attorneys, with the county or not, the township was not liable. It is said that the county was not interested, as such, in the litigation against the county auditor, as the interests of the county would not be affected one way or the other by the result of the suit. In like manner it might be said the township, as such, was not concerned whether the auditor entered the taxes against the property of the taxpayers or not. Each individual taxpayer, owning property in the township, was interested pecuniarily, and beyond this it might be difficult to show that either the county or township, in its corporate capacity, had any pecuniary interest in the suit against the auditor.

The judgment is affirmed, with costs.

