## DELAWARE TOWNSHIP *v.* BOARD OF COMMISSIONERS OF RIPLEY COUNTY.

[No. 3,265.    Filed January 11, 1901.]

PLEADING. — *Demurrer.* — *Jurisdiction.* — *Presumption.* — It is only where the want of jurisdiction affirmatively appears on the face of the complaint that a demurrer thereto for that cause will lie; the jurisdiction of the circuit court, or other court of general jurisdiction, is presumed until the contrary is shown. *pp. 99, 100.*

SAME.—*Misnomer.—Abatement.—Demurrer.*—Misnomer of the defendant is matter in abatement, and is not reached by a demurrer for want of facts. *p. 100.*

SAME.—*Township.—Designation in Complaint.*—The designation of a civil township merely as " ..... township" (according to its name) without naming the county where it is located, or stating that the civil township is intended, would seem to be sufficient in a complaint by or against such township. *p. 99.*

BRIDGES.—*Township Liability.—Notice.*—To render a township liable to pay $75 of the cost of building or repairing a bridge located therein, as provided by §6833, Burns 1894, the township trustee must first move in the matter by giving notice of the necessity therefor to the board of commissioners, and the board must act upon the notification thus given. *p. 101.*

BRIDGES—*Notice by Trustee.*—*Presumption.*—Section 6833 Burns 1894 makes it the duty of a township trustee to notify the board of commissioners of his county of the necessity for any bridge or culvert the construction or repair of which will cost more than $75, and a notice which he gave to a member of the board, by whom it was submitted to the full board, which acted upon it, may be presumed to have been given in discharge of such duty. *pp. 101, 102.*

From the Ripley Circuit Court. *Affirmed.*

*A. Stockinger,* for appellant.

*F. S. Jones,* for appellee.

WILEY, J.—But two questions are properly presented for decision in this appeal: (1) The sufficiency of the second paragraph of complaint, to which a demurrer for want of facts was addressed and overruled, and (2) the overruling of appellant's motion for a new trial.

Appellee was plaintiff below, and sued appellant to recover $150 as a contribution under the statute for the construction and repair of two bridges over streams in appellant township. After issues joined, the cause was submitted to the court for trial and finding, resulting in a finding and judgment for appellee.

The right of action rests upon §6833 Burns 1894, which is as follows: "If the probable cost of constructing or repairing any bridge or culvert shall exceed $75, the township trustee of the township where such proposed bridge or culvert is to be located shall notify the board of commissioners of his county of the necessity of such bridge or culvert, and if, in the opinion of the county commissioners, the public convenience shall require the building or repairing of such bridge or culvert, they shall cause surveys and estimates thereof to be made, and cause the same to be erected; the trustee of the said township in which is located the said bridge or culvert shall, however, pay from the road fund of the said township $75 of the cost of such building or repairs."

The second paragraph of complaint avers that appellant, by its trustee, notified and informed appellee of the need and

necessity of replacing, repairing, and rebuilding a certain public bridge in appellant township over and across a certain ford therein, known as Gookin's ford; that such action was taken thereafter on account of said information, that appellee caused said bridge to be rebuilt and repaired at a cost of $1,500, all of which it caused to be paid. That there is due from appellant on account thereof $75, for which amount demand has been made and payment refused. Prayer for judgment.

Counsel for appellant argues that the demurrer should have been sustained for the reason that the paragraph does not show where the township was located, and hence the court was without jurisdiction. It is not contended that the court below did not have jurisdiction of the subject-matter of the action, but that it does not appear that it had jurisdiction over appellant. If appellant is right in this contention, it does not avail it anything, for it has not properly raised the question. But counsel for appellant is mistaken. We think there is enough in the complaint, although loosely drawn, to show that appellant township is in Ripley county, Indiana, and hence within the jurisdiction of the Ripley Circuit Court. There is no direct averment that the township is in Ripley county, but it does appear that after the board of commissioners were advised of the necessity of rebuilding the bridge, the board took necessary steps to and did in fact rebuild it, and paid for it. The board of commissioners of Ripley county would be without jurisdiction to expend the public funds to build or repair a bridge in a township in any other county, and the members of the board being public officers, we must presume, where the contrary does not appear, that they did their duty. But aside from this, it is only where the want of jurisdiction appears on the face of the complaint that a demurrer will lie. *Keiser* v. *Yandes,* 45 Ind. 174.

In actions in the circuit court, it being a court of general jurisdiction, it is not necessary that the complaint should

show affirmatively that the court has jurisdiction. If there is nothing in the complaint to show whether the court has or has not jurisdiction, the question can not be reached by demurrer, as the jurisdiction will be presumed. *Brownfield* v. *Weicht,* 9 Ind. 394; *Ragan* v. *Haynes,* 10 Ind. 348; *Wolf* v. *State,* 11 Ind. 231; *Godfrey* v. *Godfrey,* 17 Ind. 6, 79 Am. Dec. 448; *Culph* v. *Phillips,* 17 Ind. 209; *Indianapolis, etc., R. Co.* v. *Solomon,* 23 Ind. 534; *Loeb* v. *Mathis,* 37 Ind. 306; *Kinnaman* v. *Kinnaman,* 71 Ind. 417.

It is also urged that the second paragraph is not sufficient for the reason that there is a misnomer of the appellant. There is no merit in this contention, for if appellant was sued in the wrong name, the question is not properly raised by demurrer for want of facts. Where a person or corporation is sued in the wrong name, the proper practice is to take advantage of it by a plea in abatement. *Peden* v. *King,* 30 Ind. 181; *Sinton* v. *Steamboat, etc.,* 46 Ind. 476; 17 Am. & Eng. Ency. of Law, 605; Freeman on Judgments (3rd ed.), §154. As a question of practice, there seems to be precedent for the form of action designated in the complaint. See *Board, etc.,* v. *Washington Tp.,* 121 Ind. 379; *Shirts* v. *Noblesville Tp.,* 122 Ind. 580; *Cicero Tp.* v. *Shirk,* 122 Ind. 572; *Cicero Tp.* v. *Picken,* 122 Ind. 260; *Vogel* v. *Brown Tp.,* 112 Ind. 317; *State* v. *Prather,* 44 Ind. 287. There was no error in overruling the demurrer to the second paragraph of complaint.

The amended first paragraph is like the second, except it relates to another bridge.

Appellant moved for a new trial on the ground (1) that the decision was not sustained by sufficient evidence; (2) that the decision was contrary to law, and (3) that the damages are excessive. The only question argued under the motion is that the decision is not sustained by sufficient evidence.

Counsel for appellant urges that the evidence does not show that the township trustee notified the board of com-

missioners of the necessity of rebuilding the bridges, and as the initiative must have been taken by the trustee, so as to make the township liable to contribute $75 toward the cost of each bridge, in the absence of such statutory notice, the township is not liable. It is clear from the plain meaning of the statute that to render the township liable the township trustee must first move in the matter, as provided by statute, and that the board must act upon the notification thus given. If such notice was given, the record shows that it was given in writing, and that writing is as follows: "Office of Amasa Munger, Township Trustee. Delaware, Ind. March 11, 1897. Mr. R. Sherer. Kind Sir. The iron bridge across Ripley creek just north of Lookout post-office and near Henry Jobsts is down entirely, and the wooden bridge just above there is partly off the abutments. Respectfully yours, Amasa Munger." This letter was written on the official letter-head of the trustee, and was addressed to one of the members of the board of commissioners. Four days thereafter the board met in special session, and Mr. Sherer presented the letter to the board. The evidence shows that on the strength of that letter the board made investigations concerning the bridges, the members made personal inspection of them, and acting upon such notification, investigation, and inspection, proceeded officially to rebuild and repair them. The trustee testified that he wrote the letter above quoted; that he had been informed that the two bridges specified had been washed out, and that he was trustee of the township at the time. There is also evidence showing that the trustee recognized the letter as notice of the necessity for rebuilding the bridges, and that if merely notifying the board made the township liable, he would not notify them any more. It was further shown in the evidence that the board rebuilt the bridges on the information received from the trustee; that the county paid the entire cost thereof, and that the township had not paid anything. True the notice was not given to the board, within the meaning

of the letter of the statute, but as the notice to Sherer, one of the members of the board, was by him submitted to the board when it was in session, and it acted upon the notice, we think the spirit and plain meaning of the statute was fully complied with, and that the township must be bound by it.   The township received the benefit of the large expenditure of the money in the restoration of the bridges and should be required to pay the amount for each bridge provided by statute.   The statute enjoins upon the township trustee the duty of notifying the board of commissioners, for it says he "shall notify the board", etc.   Having done this, as we have seen, and the board having acted upon it, the township cannot now escape the liability placed upon it by the statute.   This brings the case within the holding in the case of *Board, etc., v. Washington Tp.,* 121 Ind. 379. There is ample evidence to support the finding, and the trial court reached the correct conclusion.

The third specification of the assignment of errors is that "the court erred in rendering judgment because it had no jurisdiction of the case."   If this assignment of error presents any question under the practice, it has been fully disposed of by what has been said in the discussion upon the overruling of the demurrer to the second paragraph of the complaint.   Judgment affirmed.