Board, etc., *v.* Jarnecke.

## BOARD OF COMMISSIONERS OF THE COUNTY OF LAKE *v.* JARNECKE ET AL.

[No. 20,364.    Filed May 23, 1905.]

1. PLEADING.—*Conclusions.*—A pleading must be tested by the facts alleged and not by the conclusions therein.  p. 662.

2. DRAINS. — *Establishment.* — *Payments by County.* — *Common-Law Recovery.*—Where a petition was filed under the act of 1885 (Acts 1885, p. 129) for the establishment of a drain, and prosecuted to a successful termination, and the circuit court appointed a commissioner to construct such drain, but such commissioner was enjoined by the federal court, and by order of the circuit court certain preliminary sums had been paid out of the county treasury in furtherance of such construction, a claim at the common law does not arise in favor of such county against such petitioners.  p. 662.

3. PLEADING.—*Statutory Cause.—Allegations.*—A complaint upon a statutory cause of action must state facts to bring the cause clearly within the terms of the statute.  p. 664.

4. DRAINS.—*Establishment.—Payment by County.—Statutory Recovery.*—Where a petition was filed under the act of 1885 (Acts 1885, p. 129) and prosecuted to a successful termination, and the circuit court appointed a commissioner to construct such drain, but such commissioner was enjoined by the federal court, and by order of the circuit court certain preliminary sums had been paid out of the county treasury in furtherance of such construction, no claim arises under such statute in favor of such county against such petitioners.  p. 664.

From Lake Circuit Court; *A. C. Capron,* Special Judge.

Action by the Board of Commissioners of the County of Lake against John F. Jarnecke and others. From a judgment for defendants, plaintiff appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*J. Frank Meeker,* for appellant.

*Johannes Kopelke,* for appellees.

JORDAN, J.—By this action the board of commissioners of the county of Lake seek to recover a money judgment for certain costs and expenses arising out of a proceeding instituted by appellees in the Lake Circuit Court to establish

a public ditch. A demurrer was sustained to the complaint, and, on appellant's refusing to plead further, judgment was rendered against it for costs. It appeals, and assigns as error that the trial court erred in sustaining the demurrer to its complaint.

The material facts disclosed by the complaint may be stated as follows: In June, 1892, appellees, who, among others, were the owners of lands situated in the valley of the Little Calumet river, in Lake county, Indiana, petitioned the Lake Circuit Court to establish a public drain for the purpose of draining lands situated in said valley. The action was prosecuted under the provisions of an act of the legislature approved April 6, 1885 (Acts 1885, p. 129, §5622 *et seq.* Burns 1894). Subsequently a number of landowners who were parties to the proceedings remonstrated, and thereafter the cause was venued to the Porter Circuit Court, wherein, at the May term, 1896, such steps were taken as resulted in the court's sustaining the petition, and ordering that the proposed work be constructed, and appointing one Hazelgreen as commissioner to superintend and carry out the construction of the improvement. Damages and benefits were assessed, apportioned and confirmed by the court. Thereafter some of the parties who had filed remonstrances appealed, from the judgment of the Porter Circuit Court ordering said ditch to be established, to the Supreme Court of this State. This appeal was dismissed. Before the work of construction had commenced, but after the letting thereof had been advertised, and bids had been received for said construction, an action was commenced in the federal court to enjoin Hazelgreen, the commissioner, from proceeding with the work. During the pendency of the latter action one Lyon, who was the owner of lands bordering on the Little Calumet river in the state of Illinois, commenced a suit in the federal court to enjoin the commissioner from undertaking to construct the ditch. A temporary injunction was granted therein, by which said com-

missioner was enjoined from further proceeding in the matter. No appeal was prosecuted from the order or judgment of the federal court, and all further proceedings thereafter in behalf of the proposed work were abandoned, and the cause was subsequently dropped from the docket of the Porter Circuit Court. After the statement of these facts the complaint charges: "That, by reason of said drainage proceedings aforesaid having been instituted and commenced in the Lake Circuit Court by said defendants, said treasurer of Lake county, under the direction of the court in said proceeding, paid out of the county treasury of said Lake county certain sums of money, of which a bill of particulars is filed herewith and made a part of this complaint, and that by reason thereof said defendants herein named are indebted to said Lake county in the sum of $639.86, and that said sum so expended by said Lake county was paid to the parties in the amounts as named in said bill of particulars filed herewith, and that by reason of said defendants' having abandoned their proceeding aforesaid, and thereby causing the same to be dropped from the docket of the Porter Circuit Court, they are now indebted to said Lake county in the sum aforesaid; that said sum of $639.86 is now due the plaintiff herein, and the same remains unpaid. Wherefore, plaintiff demands judgment," etc.

The question presented requires a review of parts of the drainage act of 1885. Section 5622, *supra* (the same being section one of the act in force in 1892, at the time the proceedings herein were instituted), provides for the appointment by the board of commissioners in each county of a drainage commissioner, who, before entering upon the discharge of his duties, is required to take an oath of office and execute an official bond. Section 5623 Burns 1894, Acts 1885, p. 129, §2, authorizes persons whose lands will be benefited by drainage, which cannot be accomplished without extraordinary labor and expense as determined by the court, to petition the circuit or superior court of the county

wherein such lands are situated for the construction of a public ditch or drain, etc. This section was amended by the legislature in 1901 so as to exact of the petitioners the duty of executing a bond conditioned for the payment, of all expenses in the event the court shall fail to establish the proposed drain. §5623 Burns 1901, Acts 1901, p. 161, §1.

Section 5624 Burns 1894, Acts 1885, p. 129, §3, provides, among other things, for docketing the cause in court, and for remonstrances, etc., and authorizes the court to dismiss the petition at the cost of the petitioners upon a remonstrance in writing against the construction of the work, signed by two-thirds of the landowners. In the event no such remonstrance is filed, if the court considers the petition sufficient, it is required to refer the matter to the drainage commissioners, as therein provided, who are to make a personal inspection of all the lands described, and of all other lands likely to be affected by the proposed work, and they are required to report to the court their finding relative to benefits and damages and other matters as therein provided.

Section 5625 Burns 1894, Acts 1885, p. 129, §4, provides for filing remonstrances by aggrieved landowners in respect to the public utility of the work and against the amount of benefits and damages as assessed by the commissioners.

If the judgment of the court be against the remonstrances on certain grounds therein specified, the assessments made by the commissioners shall be confirmed, and the order confirming the same shall be final and conclusive. If, however, the judgment of the court be in support of the remonstrance on certain grounds, the proceedings must be dismissed at the cost of the petitioners, including the cost of the per diem of the commissioners and all court costs and costs of the trial of the remonstrance. If there be no remonstrance, or if the finding and judgment shall be in all respects against the remonstrance on certain enumerated

grounds, etc., the court is required to make an order declaring the proposed work established, and approving and confirming the assessments as made by the commissioners, or as equalized and modified, and thereupon the court shall assign the work to a commissioner for the purpose of carrying out its order for the construction of the ditch.

By §5626 Burns 1894, Acts 1885, p. 129, §5, it is provided that the commissioner in charge of the execution of the work shall proceed to have the same constructed, and shall pay all costs not otherwise adjudged, and shall pay all expenses incident to the construction of the work, etc., and such other costs and expenses out of the funds arising from the assessments as made and confirmed, as the court shall deem proper. By this section the commissioner is further required to reimburse the county, out of the assessments collected, for whatever money, under the provisions of the act, may have been paid out of the county treasury.

Section 5644 Burns 1894, Acts 1885, p. 129, §11, provides: "For their services under the third section of this act the drainage commissioners and engineer, and the chainman, axman and rodman, if any shall be by them employed, shall be allowed and paid out of the county treasury such compensation as the court shall determine, not to exceed $4 per day to the surveyor, $3 per day to the drainage commissioners, except the surveyor, and $1.50 per day for the chainman, axman and rodman. Provided, that the county treasury shall be reimbursed in such sums as are so paid out by the assessments collected as hereinbefore provided."

1.   The sections of the law to which we have referred are those material to the question herein presented. The complaint, in addition to the facts averred, contains conclusions of the pleader, but these are of no avail, for the well-settled rule is that a pleading must be tested by facts alleged, and not by the conclusions therein.

2.   The facts, given briefly, are: Appellees, under the provisions of the statute in question, petitioned the court to

establish the ditch in controversy. They appear to have successfully prosecuted the proceedings so instituted through all of the various stages prescribed by the statute until the court ordered that the work should be constructed, and confirmed the assessment of benefits and damages, and assigned the construction of the work to a commissioner. It appears that after the latter had entered upon his duty to carry out the construction of the drain in question he and all persons concerned were enjoined by the United States court, and the work for that reason was abandoned, and the cause thereafter was dropped from the docket of the court. The commissioner to whom the construction of the ditch was assigned was an officer of the court, charged with the duty of executing its order in the premises, and with the further duty, under the direction of the court, of paying out of the assessments, when collected, the incidental expenses and costs of the work not otherwise ordered to be paid. By the provisions of §5644, *supra,* the preliminary expenses arising out of the services performed by the drainage commissioners, engineer, chainman, axman and rodman under §5624 Burns 1894, Acts 1885, p. 129, §3, were in the first instance authorized to be allowed by the court and paid out of the county treasury. The county, as provided, is to be reimbursed or paid by the commissioner, from the assessments collected, such sum as has been paid by order of the court out of its treasury. This is the only remedy expressly given by the statute for paying or reimbursing the county for the preliminary expenses paid by it under §5624, *supra.* There is nothing under the facts going to show that any of the expenses or costs paid by the county were, at any stage of the proceedings, adjudged to be paid by or taxed against the petitioners.

After the final order of the court establishing the ditch and confirming the assessments and assigning the execution of the construction to a commissioner, the proceedings then passed beyond the control of the petitioners, and they had

no right or authority under the law either to dismiss the petition or abandon the proposed improvement. It was then under the control and management of the commissioners, subject to the direction or order of the court. *Crume* v. *Wilson* (1886), 104 Ind. 583. The proceedings thereafter, in contemplation of the statute, were to remain upon the docket of the court as an action pending therein until the construction of the ditch was finally completed. *Perkins* v. *Hayward* (1892), 132 Ind. 95; *Studebaker* v. *Studebaker* (1899), 152 Ind. 89. It is certainly evident under the facts that no right of action at common law is shown in favor of appellant.

3. The contention of its counsel, however, is that appellees are liable to the county for the recovery of the money demanded under the provisions of the drainage act in question, but the principal infirmity of the complaint, under the facts therein averred, is that it wholly fails to state a cause of action within any of the provisions of this statute. The rule is well settled that where a party seeks to avail himself of a statutory remedy, he must bring himself substantially within the provisions of the act awarding such remedy. *Harrison* v. *Stanton* (1896), 146 Ind. 366, 370; *Chicago, etc., R. Co.* v. *Barnes* (1905), *ante,* 143.

In Sutherland, Stat. Constr., §§392, 393, this rule is stated as follows: "392. A statutory remedy or proceeding is confined to the very case provided for and extends to no other. It cannot be enlarged by construction, nor be made available or valid except on the statutory conditions, that is, by strictly following the directions of the act. 393. A party seeking the benefit of such a statute must bring himself strictly not only within the spirit but its letter; he can take nothing by intendment."

4. As previously stated, it appears that the petitioners (appellees herein) successfully prosecuted the proceedings instituted by them to a point where the court ordered the

proposed work to be established, confirmed the assessments, and assigned the construction thereof to a commissioner, who, when about to carry out the order of the court, was enjoined from further proceeding in the premises by the federal court. Certainly, under these facts, it cannot be said that the drainage statute of 1885, as it stood when the proceedings in question were instituted, contemplated that the petitioners should be liable to the county for the preliminary expenses paid out of its treasury.

It follows that the complaint did not state a right of action, and the ruling of the court in sustaining the demurrer thereto was correct. Judgment affirmed.

Gillett, J., did not participate in the decision.