## GRIFFIN TELEPHONE CORPORATION *v.* PUBLIC SERVICE COMMISSION OF INDIANA ET AL.

[No. 29,310. Filed November 16, 1956.]

*Harold E. Hutson,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, *Frank E. Spencer* and *Arthur H. Gemmer,* Deputy Attorneys General, for appellees.

LANDIS, C. J.—This is an appeal from the judgment of the Superior Court (General Term) of Marion County, dismissing an action brought by appellant utility to vacate, set aside and enjoin the enforcement of an adverse decision of the Public Service Commission of Indiana, appellee herein.

Appellant utility had sought an increase in rates before appellee, Public Service Commission, and upon the denial thereof by appellee, brought action in the Marion Superior Court (General Term) to vacate, set aside and enjoin the Commission's order denying the rate increase. In the Marion Superior Court appellee Commission filed a motion to dismiss the action, which was sustained, and this appeal from the judgment followed. Appellant's assigned error is the sustaining by the lower court of appellee's motion to dismiss appellant's complaint.

Appellant's first contention on this appeal is that appellant's complaint to vacate and enjoin the enforcement of a decision of the Public Service Commission cannot be procedurally tested by a motion to dismiss.

Appellee contends appellant's complaint shows on its face that it is jurisdictionally defective as there is no allegation in appellant's complaint that the portion of the utility, which was the subject matter of the procedure before the Public Service Commission, operates or attempts to operate in Marion County where the suit was brought; that the motion to dismiss was properly sustained as a court is empowered to dismiss an action over which it has no jurisdiction.

It is well settled that a trial court has the inherent right to dismiss actions of which it has no jurisdiction,[1] and we therefore hold that the question of the jurisdiction of the Superior Court of Marion County over the subject matter of the action in the case at bar could be procedurally tested by appellee's motion to dismiss.[2]

We now pass on to the question of the jurisdiction of the Marion Superior Court (General Term) of appellant's cause of action stated in its complaint to review the order of the Public Service Commission denying the utility's requested increase in rates.

Appellant contends on this appeal that its complaint was sufficient as against a motion to dismiss for the reason that it was filed pursuant to the Acts of 1933, ch. 190, §4, p. 928 (Burns' §54-203, 1951 Repl.), which provided so far as applicable as follows:

---

1. *Ballman* v. *Duffecy* (1952), 230 Ind. 220, 229, 102 N. E. 2d 646; *Miedreich* v. *Rank* (1907), 40 Ind. App. 393, 82 N. E. 117; *State ex rel. Terminix Co.* v. *Fulton Circuit Court* (1956), 235 Ind. 218, 132 N. E. 2d 707.

2. *Ibid.*

"Any single municipality or any ten consumers or *any utility affected by a rate order may* within thirty days from the rendition thereof by the commission *take an appeal de novo to* the circuit court of the county in which the utility is located or *the general term of the superior court of Marion county. . . .*" (Emphasis added.)

Appellee contends, however, that the complaint was defective in failing to allege that the subject matter of the procedure before the Public Service Commission in such case was in Marion County, as required by the Acts of 1929, ch. 169, §1, p. 530 (Burns' §54-429, 1951 Repl.), which provides in part as follows:

" . . . *any* person, . . . *or public utility adversely affected by any decision, ruling, order,* determination, requirement or direction of the public service commission *may commence an action in the circuit or superior court of any county in which that portion of the utility which is the subject matter of the procedure before the public service commission operates or seeks to operate,* against the commission to vacate or set aside or enjoin the enforcement of any such decision, ruling, order, . . . ."

As the two acts are obviously in conflict in their application to the case before us, we are called upon to determine whether appellant could properly proceed in the court below pursuant to the 1933 Act, as it has attempted to do.

Appellant contends the subsequent Act of 1933, above quoted, is applicable rather than the 1929 Act relied upon by the appellee. Appellee asserts that the 1933 Act is unconstitutional insofar as it may attempt to amend the 1913 Act, and that the 1929 Act is, therefore, controlling.

What is the basis of appellee's contention that the 1933 Act is unconstitutional? Appellee states the 1933 Act is unconstitutional insofar as it attempts to pro-

vide an appeal or review *de novo* in the Superior Court of Marion County for the reason that the title of such amendatory Act of 1933, for our purposes in the case at bar, specifically amended but one section of the Act of 1913, to-wit: Section 9 thereof, and did not seek to amend sections 78-85 of the 1913 Act, which appellee says were the appropriate sections of the 1913 Act dealing with the subject of appeal and review of rate orders of the commission. Appellee contends that where the title of an amendatory act expresses an intention to amend one section (here section 9), but in fact amends other sections also in the same act, it contravenes Article 4, §21 of the Constitution of Indiana which provides:

> "No act shall ever be revised or amended by mere reference to its title; but the act revised, or section amended, shall be set forth and published at full length."

In other words, appellee argues that if the Act of 1933 in fact amended sections 78-85 of the Act of 1913, as well as section 9 thereof, it violates the constitutional provision above specified, in not setting forth sections 78-85 of the 1913 Act as amended.

Appellee concedes in its brief that these particular sections of the 1913 Act which it would require be specifically amended and set out as amended in the 1933 Act, had already been superseded by the 1929 Act, in view of this court's previous holding that portions of the Railroad Commission Act of 1905 had been similarly superseded by the 1929 Act. See: *Public Service Commission* v. *Ft. Wayne U. Ry. Co.* (1953), 232 Ind. 82, 111 N. E. 2d 719. Appellee is therefore put in the anomalous position of contending that the Constitution of Indiana requires the legislature to amend a law or sections of a law which were already

superseded, and therefore non-existent and of no legal effect.

Not only would such a construction of Article 4, §21 of the Indiana Constitution be unreasonable and one that would serve no useful purpose, but it would ■ be in conflict with the well settled authority that an act which attempts to amend a non-existent law or section, is itself void and of no legal effect. *Metsker* v. *Whitsell* (1914), 181 Ind. 126, 103 N. E. 1078; *Bettenbrock* v. *Miller* (1916), 185 Ind. 600, 112 N. E. 771; *Shutt* v. *State ex rel.* (1910), 173 Ind. 689, 89 N. E. 6; *Feibleman* v. *The State ex rel. Brown, Prosecuting Attorney* (1884), 98 Ind. 516; *Blakemore* v. *Dolan et al.* (1875), 50 Ind. 194; *Draper* v. *Falley and Another* (1870), 33 Ind. 465. See also: *Olszewski* v. *Stodola* (1948), 226 Ind. 639, 82 N. E. 2d 256, in which this court stated that an amendatory Act of 1945 could not be considered as affecting or not affecting a previous Act of 1927 which had already been superseded by an independent act.

Appellee has quoted from the case of *Draper* v. *Zebec,* (1942), 219 Ind. 362, 37 N. E. 2d 952, 38 N. E. 2d 995, some abstract statements of law which were not necessary to the court's decision in that case. *Draper* v. *Zebec, supra,* is not applicable to the case at bar, as under the facts of that case the amendatory act did not set out the sections of the original act *then in full force and effect,* which in reality were being amended. In fact, *Draper* v. *Zebec, supra,* concedes in the opinion (219 Ind. 362, 387, 38 N. E. 2d 995, 996), that "From the earliest times it has been uniformly held that an act of the Legislature which attempts to amend a section of a statute *which has already been amended* is unconstitutional and void. . . ." (Emphasis added.) Certainly an amendatory act need not refer to or set out a previously superseded act any more

than a previously amended act, as one is as dead as the other.

There is, accordingly, no valid basis for appellee's contention in the case before us that the 1933 Act should have amended other sections of the 1913 Act in addition to section 9, and we conclude the 1933 Act is constitutional as against appellee's contentions to the contrary. Such act being valid and applicable to the procedure for obtaining a review of rulings of the Public Service Commission in rate cases, it follows that appellant's complaint seeking a review under the 1933 Act was sufficient as against appellee's motion to dismiss, contending the act violated Article 4, §21 of the Indiana Constitution, and the lower court therefore erred in dismissing the action pursuant thereto.

The judgment of the lower court is reversed with directions to overrule appellee's motion to dismiss appellant's complaint.

Achor, Arterburn, Bobbitt and Emmert, JJ., concur.

NOTE.—Reported in 138 N. E. 2d 150.