PAYNE, PRESIDENT ET AL *v.* BUCHANAN ET AL.

[No. 29,563. Filed March 17, 1958. Rehearing denied May 14, 1958.]

232

*Sydney L. Berger,* of Evansville, for appellants.

*Edwin K. Steers,* Attorney General, *Frank E. Spencer* and *Arthur H. Gemmer,* Deputy Attorneys General, for appellee Public Service Commission and constituent members thereof.

*Joseph J. Daniels, G. R. Redding, John L. Woolling, John B. King, Baker & Daniels,* of counsel, all of Indianapolis, *Edmund F. Ortmeyer* and *Ortmeyer, Bamberger, Ortmeyer & Foreman,* of counsel, of Evansville, for appellee Southern Indiana Gas & Electric Company.

ACHOR, J.—This action was brought in the Vanderburgh Circuit Court by appellants (plaintiffs), mem-

bers and officers of Unity Lodge Numbered 2040, International Association of Machinists, AFL-CIO, an unincorporated voluntary association and labor union, and Vanderburgh County Farm Bureau, Inc., a non-profit corporation, against the Public Service Commission of Indiana to vacate and set aside an order granting a rate increase to the Southern Indiana Gas & Electric Company. The rate order sought to be vacated was entered on December 14, 1956. On the 59th day thereafter the complaint in this action was filed in the Circuit Court of Vanderburgh County. This is an appeal from a judgment of the trial court dismissing the action for lack of jurisdiction.

The motion to dismiss raised three points. The first deals with the time within which the action to review rate orders may be commenced; that is, whether such action was properly filed within 60 days under Acts of 1929, ch. 169, §2, p. 530 (being §54-430, Burns' 1951 Repl.), or whether it must be filed within 30 days under Acts of 1933, ch. 190, §4, p. 928 (being §54-203, Burns' 1951 Repl.).

The second point raised is concerned with the jurisdiction of the Vanderburgh Circuit Court to entertain this action for review.

The third point involves a question of the right to maintain such action in equity, regardless of the procedural requirements and limitations as provided in either the Acts of 1929 or 1933.

We take up the points in the order stated, beginning with the first. In 1929 the Legislature enacted a general statute which provided that an action to vacate or enjoin the action of the Public Service Commission might be taken by "any person, firm, association, corporation, city, town or public utility," which statute

provided that the action be commenced within 60 days after the order is made. The pertinent parts of the statute read as follows:

"Any person, firm, association, corporation, city, town or public utility adversely affected by any decision, ruling, order, determination, requirement or direction of the public service commission may commence an action in the circuit or superior court of any county in which that portion of the utility which is the subject-matter of the procedure before the public service commission *operates* or seeks to operate, against the commission to vacate or set aside or enjoin the enforcement of any such decision, ruling, order, determination, requirement or direction, on the ground that the same is insufficient, unreasonable, unlawful, or procured by fraud or other unlawful methods." (Our italics.) (Acts 1929, ch. 169, §1, p. 530.) (§54-429, Burns' 1951 Repl.)

"Every such action shall be commenced within sixty [60] days after the entry or rendition by the public service commission of such decision, ruling, order, determination, requirement or direction complained of: . . ." (Acts 1929, ch. 169, §2, p. 530.) (§54-430, Burns' 1951 Repl.)

"Appeal from such judgment may be taken by any party thereto to the Supreme Court in the same manner as provided by law for appeals in civil actions. . . ." (Acts 1929, ch. 169, §10, p. 530.) (§54-438, Burns' 1951 Repl.)

In 1933 the Legislature enacted a statute which dealt specifically with actions by "any single municipality or any ten consumers or any utility" for the review of rate orders (only) and provided a 30-day period within which an action could be brought. It further provided that the action could be brought in the circuit court of the county in which the utility was located or in the general term of the superior court of Marion County. This statute also contained several new pro-

visions not contained in the former act. The parts with which we are concerned here read as follows:

"Any single municipality or any ten [10] consumers or any utility affected by a rate order may within thirty [30] days from the rendition thereof by the commission take an appeal de novo to the circuit court of the county in which the utility is located or the general term of the superior court of Marion County. Such appeal shall be filed with the clerk of the circuit court or with the clerk of the superior court of Marion County dependent upon the court to which such appeal is taken and when filed shall have precedent upon the calendar of said circuit court to be tried without a jury. Such appeal when taken to the general term shall have precedence upon the calendar of said general term of the superior court of Marion County and shall be tried immediately by the judges of said superior court sitting in banc without the intervention of a jury. From a judgment of the circuit court or from the general term of the superior court of Marion County an appeal in such cases shall lie to the Supreme Court which shall be perfected within thirty [30] days and shall have precedence in said court and should be considered by said court immediately in order that the business of the utility and the status of the consumer may be stabilized and expedited. The circuit court or the general term shall in every case enter an opinion in writing.

"Pending the appeals as in this section provided the utility affected by an order or judgment of the commission and/or general term shall have the right to collect the rate as fixed by said order or judgment or at the old rate, whichever is higher in amount, and shall refund the same to the consumer if such difference be not sustained finally or if such rate as fixed by the commission is sustained in the circuit court or general term or the Supreme Court and is found finally to be confiscatory, the said difference shall be the absolute property of the utility." (Acts 1933, ch. 190, §4, p. 928; 1947, ch. 307, §1, p. 1251.) (§54-203, 1951 Repl.)

"All acts and parts of acts conflicting with the provisions of this act are hereby repealed insofar

as they are inconsistent herewith; . . . ." (Acts 1933, ch. 190, §22, p. 928.) (§54-719, Burns' 1951 Repl.)

Appellees cite the fact that the latter statute expressly repealed "all acts and parts of acts conflicting with the provisions of this act" and assert that this provision supports their position that the latter statute repealed the former as to all rate cases. The provision, however, is merely a legislative reaffirmation of the fact that the general rule regarding repeal by implication should apply in construing this statute. The general rule has been stated as follows:

". . . (1) Repeals by implication are not favored; and (2) Where there are two acts on the same subject, effect should be given to both if possible; and (3) But, if the two are repugnant in any of their provisions, the later act, without any repealing clause, operates to the extent of the repugnancy as a repeal of the first; and even when two acts are not in express terms repugnant, yet if the latter act covers the whole subject of the first, and embraces new provisions, plainly showing that it was intended as a substitute for the first act, it will operate as a repeal of that act. This is the rule adopted in the case of *Kramer* v. *Beebe* (1917), 186 Ind. 349, 355, 115 N. E. 83, . . . ." *De Haven* v. *Municipal City of South Bend* (1937), 212 Ind. 194, 198, 7 N. E. 2d 184.

However, it is contended by appellees that the 1933 Act does cover the whole subject of the 1929 Act as related to rate cases, and that since the latter act embraces many new provisions on the subject it must be construed to repeal the former act as to all rate cases, even under the general rule of repeal by implication.

Furthermore, in support of this position appellees rely upon the case of *Griffin Telephone Corp.* v. *Public Service Com'n.* (1956), 236 Ind. 29, 32, 35, 138 N. E. 2d

150, 151-152, 153, in which case this court stated, with reference to the two acts:

"As the two Acts are obviously in conflict *in their application to the case before us,* we are called upon to determine whether appellant could properly proceed in the court below pursuant to the 1933 Act, as it has attempted to do. (Our italics.)

. . .

". . . Such act being valid and applicable to the procedure for obtaining a review of rulings of the Public Service Commission in rate cases, it follows that appellant's complaint seeking a review under the 1933 Act was sufficient as against appellee's motion to dismiss, . . ."

An examination of the Griffin case, *supra,* however, reveals an entirely different set of circumstances which this court should consider in determining whether the 1929 and 1933 statutes are in conflict as they bear upon the case before us.

As heretofore noted, the 1933 Act, which is of limited application, expressly applies to "Any . . . municipality or any ten [10] consumers or any *utility. . . .*" (Our italics.) In the Griffin case, *supra,* appellant-*utility* sought to vacate a rate order of the Public Service Commission pursuant to the 1933 Act, and appellee-commission contended the 1933 Act was unconstitutional and that appellant should therefore have proceeded under the previous 1929 Act. We refuted appellee's contentions however in holding the 1933 Act constitutional, and therefore our observation that the acts were in conflict as they related to the facts of that case had nothing to do with the question of repeal, as related to parties not named in the act, as appellant was solely attempting to proceed under the later 1933 Act, which we held he had a right to do. Any question as to whether the 1929 and 1933 Acts were repugnant or

irreconcilably in conflict so as to effect a repeal of the earlier act as to other parties not named in the latter act, was not at issue or treated in the case. In fact the opinion overtly omitted reference to associations and corporations when citing the conflict in the two acts.

It cannot be said with certainty that the 1933 Act covered the whole scope of the law regarding rate cases and thereby repealed the 1929 Act as to all such cases.[1] The 1929 Act is a general act relating to appeals from all actions of the Public Service Commission. The 1929 Act provided that appeals thereunder might be prosecuted by "Any person, firm, *association, corporation*, city, town or public utility. . . ." (§54-429) whereas the 1933 Act makes no reference to associations and corporations. Appellants here are an *association* and a *corporation*. The 1933 Act demonstrates no clear intent on the part of the legislature to deny associations and corporations not named therein the right of review as granted to them under the 1929 Act.

We conclude that there is no clear conflict between the 1929 Act and the 1933 Act as related to the facts in this case; that for this reason the 1933 Act fails to meet the test of repeal either under the repealing clause or by implication and therefore the action was timely filed under the 1929 Act.

Furthermore, in support of their position, appellants cite the fact that this court, in several cases[2] prior to

---

1. Both the 1929 and 1933 Acts have since been expressly repealed by Acts of 1957, ch. 189, §§1-11, p. 395 (§§54-443—453, Burns' 1957 Supp.)

2. *Pub. Ser. Comm. et al.* v. *City of Indianapolis* (1956), 235 Ind. 70, 131 N. E. 2d 308; *Pub. Ser. Comm. et al., etc.* v. *Ind. Bell Tel. Co.* (1955), 235 Ind. 1, 130 N. E. 2d 467; *Terre Haute Gas Corporation* v. *Johnson* (1942), 221 Ind. 499, 45 N. E. 2d 484, 48 N. E. 2d 455.

the Griffin case, *supra*, has stated that both the ■■ Acts of 1929 and 1933 applied in appeals in rate cases. It is true that in these cases the actions were brought within the 30-day period of time fixed by the 1933 Act, and therefore the statements were only dicta. However, such statements of opinion, although not binding upon the court, were susceptible to advisory consideration by both the appellants and this court. *State ex rel.* v. *Kaufman* (1917), 186 Ind. 602, 117 N. E. 643. Because of these statements, which may well have influenced appellants to rely upon the 60-day limitation of the 1929 Act, and because the 1933 Act is, in fact, susceptible to a construction which omits these appellants from its applications, we are not now inclined to hold that appellants were limited to the 1933 Act. Rather, it is our duty to give effect to both acts where, as here, they are not clearly in conflict, and thereby permit appellants to have their day in court. *Kramer* v. *Beebe* (1917), 186 Ind. 349, 115 N. E. 83.

The second point raised by the motion to dismiss was that the complaint did not state with certainty the allegations necessary to invoke the jurisdiction of the Vanderburgh Circuit Court. Appellees rely upon the fact that the complaint did not specifically allege that the utility operated in Vanderburgh County. The allegation of appellants' complaint regarding the jurisdiction of the Vanderburgh Circuit Court to entertain the proceedings is as follows:

> "*All the plaintiffs herein* and many of the members who *reside in Evansville, Vanderburgh County, Indiana* and other counties in southwestern Indiana and many of whom are farmers who own and/or operate farms in southwestern Indiana, *are consumers and rate payers of said Southern Indiana Gas and Electric Company and are adversely*

*affected by said order of the Public Service Commission.*

The 1929 Act under which this action was brought provides that such action shall be filed "in the circuit or superior court of any county in which that portion of the utility which is the subject-matter of the procedure before the public service commission operates or seeks to operate." (§54-429, *supra*.) It is appellees' contention that the mere allegation that "all the plaintiffs herein . . . reside in Evansville, Vanderburgh County, Indiana, . . . are consumers and rate payers" is not an unequivocal allegation that they received such service at their residence in Vanderburgh County. Appellees cite the fact that, notwithstanding the allegations quoted above, the appellants could reside in Evansville, Vanderburgh County, and still be consumers and rate payers in other counties in southwestern Indiana.

Appellees assert that definite and certain allegations are necessary to invoke the jurisdiction of the Vanderburgh Circuit Court in this case and that the above allegation does not meet this requirement. In support of their position appellees rely upon the rule that where a special statutory action is brought, all necessary jurisdictional averments must appear in the complaint.[3] Appellees rely upon the following cases as sustaining their contention. In *State ex rel. Ayer* v. *Ewing* (1952), 231 Ind. 1, 14, 106 N. E. 2d 441, this court stated the rule as follows:

"... that in any special statutory proceedings whatever, all jurisdictional averments *required by the statute under which the proceedings is based* must be contained in the petition or the court in which it is filed, . . . will be without jurisdiction

3. See, Lowe's Revision of Works' Indiana Practice, Vol. 1, §§13.19 and 13.21.

in the case, except to enter an order dismissing the case." (Our italics.)

Also in the case of *Ballman* v. *Duffecy* (1951), 230 Ind. 220, 228-229, 102 N. E. 2d 646, this court stated:

". . . Appellants in the case at bar failed to present their petition to the court within the thirty days prescribed by the statute. The statutory procedure and requirements for the review of a decision of the board of zoning appeals were not complied with, and the court did not acquire jurisdiction of the parties and this particular case. This being a statutory proceedings, a strict compliance with the terms of the statute is required."

For the reason stated in the above cases appellees assert that the allegation of the complaint before us is not sufficient to satisfy the jurisdictional requirement of the 1929 Act (ch. 169, §1, p. 530) (§54-429, Burns' 1951 Repl.) that the utility operated in Vanderburgh County.

The above contention requires a careful analysis of the Ayer and Ballman cases, *supra*. These cases correctly state the law upon the facts therein presented. However, each is distinguishable from the case before us. The action of the Ayer case, *supra*, was for the impeachment of a township trustee. As stated in that case:

"The statute in question (§49-836, Burns' 1951 Replacement) attempts to authorize the bringing of an impeachment action by a verified accusation presented to a circuit court, alleging that any officer within the jurisdiction of the court 'has been guilty':

(1) of charging and collecting illegal fees for services rendered, or to be rendered, in his office, or

(2) has refused or neglected to perform the official duties pertaining to his office.

Unless the verified written charge as filed contains one or both of these averments the trial court is without jurisdiction to act in the case. The only averment in the verified written charge is that the relator, Frank Ayer, as township trustee, 'did neglect and refuse to consider the request and application of Robert Foertsch (and another) for employment as a teacher in the schools of Hammond Township, Spencer County, Indiana, during the school year 1951 and 1952. . . .' The alleged reasons for the trustee's refusal are unimportant. . . . (231 Ind. at pp. 6-7.)

. . . It cannot be said that because he did not consider, appoint or employ Robert Foertsch (and another) as teachers, he neglected or refused to perform his official duties. *State* v. *McRoberts* (1934), 207 Ind. 293, 298, 299, 192 N. E. 428. (231 Ind. p. 8.)

. . .

. . . The only question raised by the petition and the response, and by the accusation and the objections thereto, is not whether the 'complaint' is sufficient as against demurrer or similar pleading but whether the verified accusation states the facts essential to give the respondents *jurisdiction under the statute involved. . . .*" (Italics supplied.) (231 Ind. p. 9.)

. . .

. . . It has been well stated by competent authority that '. . . *impeachment proceedings are highly penal in their nature and generally governed by rules of law applicable to criminal causes, so that provisions of statutes and of the constitution on the subject of procedure therein are to be construed strictly. . . .*' 67 C. J. S., Officers—Impeachment, §68, p. 295, Cl. (c) Procedure, pp. 296, 297." (Our italics.) (231 Ind. p. 11.)

"Complaints" which charge penal offenses under special statutes must so completely allege the facts constituting the offense as to exclude every possible factual situation to the contrary. The Ayer case, *supra,* involved such a statutory proceedings. It

is for that reason that in the Ayer case it was necessary to strictly plead all the jurisdictional averments required by the particular special statute.

However, the opinion in the Ayer case, *supra,* does not purport to hold that the same strictness of pleading which is required in penal impeachment or criminal proceedings is also required in other actions where the relief sought is merely remedial. The relief sought in this case is merely remedial and therefore the same reasoning of strictness of pleading does not apply.

Also the Ballman case, *supra,* is distinguishable from this case upon the facts. That case involved the special zoning statute which specifically provided the procedural steps to be followed and *fixed the time limitation* for presenting a petition of certiorari to the court to review the decision of the board of zoning appeals. Our courts have uniformly held that compliance with the time limitations of statutes regulating appeals is jurisdictional. In such statutes time is of the essence. Therefore, under the facts in the Ballman case, *supra,* this court correctly stated:

> ". . . Appellants in the case at bar failed to present their petition to the court within the thirty days prescribed by the statute. The statutory procedure and requirements for the review of a decision of the board of zoning appeals were not complied with, and the court did not acquire jurisdiction of the parties and this particular case. This being a statutory proceeding, a strict compliance with the terms of the statute is required." (230 Ind., pp. 228-229.)

In the Ballman case, *supra,* this court was dealing with a specific procedural act required by the statute and correctly held that strict compliance with the procedural terms of the statute was jurisdictional. However, in the case before us there was

no omission of any procedural step required by the statute. The question here is merely one of the sufficiency of an allegation made in the complaint to establish the venue of the court over the particular case. Appellants' allegations that they were (1) residents of Vanderburgh County, and (2) consumers of the appellee-utility, and (3) adversely affected by the rate increase order, were sufficient to carry a clear implication that appellee-utility operated in Vanderburgh County. These were all the allegations necessary to invoke the jurisdiction of the Vanderburgh Circuit Court under the 1929 Act. There is, therefore, in this case no ommission of any procedural step required by the statute, nor is there a failure to allege any jurisdictional fact necessary to invoke the court's jurisdiction.

It is true that the above allegations of fact, intended to establish appellants' right of action and the venue of the case, were not as precisely made as could have been. However, the statements were sufficient under common usage to sustain a clear inference that usage was at the place of residence. The question then is whether, because the allegations might admit of proof contrary to the clear inference of the allegations, appellants should as a matter of law be denied their day in court.

The case of *Delaware Tp.* v. *Board, etc.* (1901), 26 Ind. App. 97, 99, 59 N. E. 189, also involved the question of jurisdiction over the subject-matter of a proceedings based upon a special statute. In that case Ripley County sued Delaware Township for an amount it was under statutory duty to pay but the county, in its pleading, did not allege that the township was in Ripley County and, for that reason, the township claimed that the Ripley Circuit Court did not have jurisdiction. The Appellate Court held that, ". . . there is enough in the complaint,

although loosely drawn, to show the appellant township is in Ripley County, Indiana, and hence within the jurisdiction of Ripley Circuit Court." . . : . .' . . .

The public policy of this state regarding the construction of pleadings in civil proceedings generally has been specifically stated by statute. Acts 1881 (Spec. Sess.), ch. 38, §126, p. 240 (§2-1048, Burns' 1946 Repl.) states: "In the construction of a pleading, *for the purpose of determining its effect,* its allegations shall be liberally construed with a view to substantial justice between the parties; . . ." (Our italics.)

In view of the above cited statute and case we feel that, while the allegation of jurisdiction may not have been precise in its nature, to paraphrase from the Delaware case, *supra,* there is enough in the pleading, though loosely drawn, to show that many of the appellants resided in Evansville, Vanderburgh County, and that those who resided in Evansville received electrical service of the Southern Indiana Gas & Electric Company at their places of residence. It necessarily followed that if they were users in Vanderburgh County, they were adversely affected by the raise in rates and that the utility operated in that county. To dismiss this case because of the non-all-exclusiveness of the pleading regarding undisputed facts in this case would be to construe so strictly the statute (§54-429, *supra*) as to deny substantial justice contrary to the public policy, so declared by the statute (§2-1048, *supra*).

Finally, in opposition to the motion to dismiss, appellants suggest that they may proceed at common law or in equity, irrespective of the statutory provision in the Acts of 1929 and 1933. Because of the decision we have reached in this case, a rul-

ing upon this issue is not necessary. However, since the issue has been raised, we note that the question has been before this court previously and has been determined adversely to appellants' contention. We have recently stated:

"... However, where the statute provides for a procedure for such review or for a judicial remedy, it excludes any common law or equitable procedure to the extent such statutory provisions are adequate in protecting and preserving such substantive rights guaranteed by the constitution, the statutes or general principles of law. Such statutory procedure must be followed at least to the extent of the remedy available before resort is made to any common law or equitable remedy." (cases cited.) *Pub. Serv. Comm. et al.* v. *City of Indianapolis* (1956), 235 Ind. 70, 83, 131 N. E. 2d 308.

For the reasons hereinabove stated judgment is reversed, and the case is ordered reinstated for further appropriate proceedings.

Reversed.

Bobbitt and Landis, JJ., concur.

Arterburn, J., dissents with opinion.

Emmert, C. J., concurs in dissenting opinion.

## DISSENTING OPINION

ARTERBURN, J.—I cannot concur in the reasoning or result of the majority opinion. Under the 1933 Act (Burns' §54-719) the time within which an appeal may be taken in a "rate order" from the Public Service Commission is specifically limited to 30 days. This is a rate case.

The appellant in this case attempted to take an appeal on the 59th day under the Acts of 1929 which

fixed a 60-day period for an appeal from any order of the commission. This 1929 Act is not applicable simply because the later Act of 1933 repealed "All acts and parts of acts conflicting with the provisions of this Act." The 60-day period of the earlier Act of 1929 therefore conflicts with the 30-day period of the 1933 Act. It takes no acute reasoning to observe that fact. I can see no reason for discussing "implied" repeal in the majority opinion. It is one of expressed repeal since the last act on the subject involved (rate order) repeals "All acts and parts of acts conflicting . . ." therewith. Implied repeals are raised only by reason of no expressed repealing clause.

"Repeals by implication are not favored; . . . But, if the two (acts) are repugnant in any of their provisions, the later act, *without any repealing clause,* operates to the extent of the repugnancy as a repeal of the first;" (Our italics.) *De Haven* v. *Municipal City of South Bend* (1937), 212 Ind. 194, 198, 7 N. E. 2d 184.

Unless we consider the 1933 Act dealing with "rate orders" as repealing the procedure dealing with that subject matter in the earlier 1929 Act we run into innumerable complications which are irreconcilable. For example: The 1929 Act permits the appeal to be taken in any county in which the utility operates; the 1933 Act limits jurisdiction to the county where the utility is located or in the Superior Court of Marion County. The earlier statute makes no provision for a written opinion by the trial court; the later Act requires one. The 1929 Act fixes a time of 90 days for appeal to the Supreme Court; the 1933 Act reduces this to 30 days. Under the general procedures of the 1929 Act there is no prohibition against the trial court's enjoining temporarily the collection of the higher rates which might be allowed by a Commission order, and there is no pro-

vision requiring that the utility be permitted to collect the higher rates under the old schedule should the Commission order a reduction; the 1933 Act permits the utility to collect the higher rate during the period required for review. In effect, the majority opinion merely construes the 1933 Act as supplemental to and not as repealing any part of the Acts of 1929 in the face of the repealing clause in the 1933 Act.

Where one act deals generally with a subject matter and another act makes specific provisions with parts of the same general subject matter, the specific act prevails to the extent of such conflict. *Home Owners' Loan Corp.* v. *Wise* (1929), 215 Ind. 445, 19 N. E. 2d 737.

In the case of *Griffin Telephone Corp.* v. *Public Service Com'n.* (1956), 236 Ind. 29, 138 N. E. 2d 150, we stated with reference to these same two Acts:

> "As the two Acts are obviously in conflict in their application to the case before us, we are called upon to determine whether appellant could properly proceed in the court below pursuant to the 1933 Act, as it has attempted to do.
>
> . . . .
>
> "Such act being valid and applicable to the procedure for obtaining a review of rulings of the Public Service Commission in rate cases, it follows that appellant's complaint seeking a review under the 1933 Act was sufficient as against appellant's motion to dismiss, . . . . "

A second reason why the appellant should not succeed in this appeal is the failure to allege facts showing the jurisdiction of the Vanderburgh Circuit Court. Under the 1933 Act which applies exclusively to rate cases, appellants must allege and be able to prove that the utility is located in Vanderburgh County. No attempt is made to allege such fact and meet the require-

ments of the 1933 Act. The 1929 Act requires an allegation that a portion of the utility operates in the county. Even if we assume the 1929 Act is applicable, the complaint does not meet that requirement. The closest it comes is the following statement:

> "All the plaintiffs herein and many of their members who reside in Evansville, Vanderburgh County, Indiana and other counties in Southwestern Indiana and many of whom are farmers who own and/or operate farms in Southwestern Indiana, are consumers and ratepayers of said Southern Indiana Gas and Electric Company and are adversely affected by said order of the Public Service Commission."

The mere allegation that some of the plaintiffs "reside in . . . . . Vanderburgh County . . . . and other counties . . . . many of whom are farmers who own and/or operate farms in Southwestern Indiana" and "are consumers and ratepayers" is not an allegation that they received the service at their residence in Vanderburgh County. As the allegation quoted above reveals, the plaintiffs could reside in Evansville, Vanderburgh County, and still be consumers and ratepayers as farmers in "other counties in Southwestern Indiana." Definite and certain allegations are necessary to invoke the jurisdiction of the Vanderburgh Circuit Court in this case.

Where a special statutory action is brought, all jurisdictional averments must appear in the complaint. This is true in the case of a complaint for a divorce; a statutory action against railroads for killing or injuring live-stock; actions for election recount and contests, to name but a few. *Ballman* v. *Duffecy* (1952), 230 Ind. 220, 102 N. E. 2d 646; *White* v. *Bd. of Med. Regis. and Exam.* (1956), 235 Ind. 572, 134 N. E. 2d

556; Lowe's Revision of Works' Indiana Practice, Vol. 1, §§13.19 and 13.21.

In *State ex rel. Ayer* v. *Ewing* (1952), 231 Ind. 1, 106 N. E. 2d 441, this court has said:

"We are safe in saying that in any special statutory proceedings *whatever,* all jurisdictional averments required by the statute under which the proceeding is based must be contained in the petition or the court in which it is filed, as well as any court to which it may come on change of venue or appeal will be without jurisdiction in the case, except to enter an order dismissing the case." (Our italics)

In *Griffin Telephone Corp.* v. *Public Service Com'n.* (1956), 236 Ind. 29, 138 N. E. 2d 150, the issue arose as to whether "appellant's complaint shows on its face that it is jurisdictionally defective as there is no allegation in appellant's complaint that the portion of the utility, which was the subject matter of the procedure before the Public Service Commission, operates or attempts to operate in Marion County where the suit was brought." It was there held that a motion to dismiss would properly raise that question.

The majority opinion, in order to place the jurisdiction in the Vanderburgh Circuit Court, in reality inserts in the complaint the words:

"that those who resided in Evansville received electrical service of the Southern Indiana Gas and Electric Company at their place of residence."

The complaint does not say that and therefore does not even meet the requirements of the Acts of 1929.

If words may be added to a pleading by a court to invoke jurisdiction in a statutory proceeding and if statutory clauses repealing all laws in conflict may be

ignored, then it may be done in other cases and sets a dangerous precedent.

When this case goes back for retrial on appeal from a rate order of the commission, in fairness to the trial court we ask which procedure must the trial court follow: Acts 1929 or 1933? May the trial court enjoin collection of higher rates pending an appeal although prohibited under the Acts of 1933? Must the trial court render an opinion in writing as required under the Acts of 1933? If an appeal is taken to the Supreme Court, is the time limited in rate cases to 30 days as fixed by the 1933 Act or 90 days as fixed by the earlier Act of 1929?

The mere fact that both the Acts of 1933 and 1929 were repealed by the last legislature does not warrant giving them now an interpretation which violates well established principles of statutory construction. The principles invoked by the majority opinion in this case will establish a precedent which I fear will arise innumerable times in the future to plague us, and create uncertainty in the law of statutory construction.

Emmert, C. J., concurs in dissent.

### ON PETITION FOR REHEARING

ACHOR, J.—Appellees assert that the majority opinion repudiates certain principles long established by this court, as follows:

"1. *Legislative Intent:* When a statute contains a clause repealing all parts of prior acts in conflict therewith, the Legislature's clear recognition of existing conflict and the intent to supersede, which are reflected by that clause, should be given effect;

"2. *Statutory Construction:* A later specific act repeals those portions of a prior general act to the extent of any conflict; and

"3. *Construction of Pleadings in Special Statutory Proceedings:* In all special statutory proceedings, the complaint must specifically allege each of the statutory jurisdictional prerequisites or no jurisdiction is conferred on the reviewing court."

We find no serious fault with statements of principles "1" and "2" nor do we consider that the opinion in this case has repudiated these principles. Our problem, however, does not involve the statement of these principles, but rather the effect of the application of these principles to the facts involved. The general rule regarding the effect of express general repealing clauses has been stated as follows:

"An express general repealing clause to the effect that all inconsistent enactments are repealed, is in legal contemplation a nullity. Repeals must either be expressed or result by implication. A general repealing clause cannot be deemed an express repeal because it fails to identify or designate any act to be repealed. It cannot be determinative of an implied repeal for it does not declare any inconsistency but conversely, merely predicates a repeal upon the condition that a substantial conflict is found under application of the rules of implied repeals. If its inclusion is more than mere mechanical verbiage, it is more often a detriment than an aid to the establishment of a repeal, for such a clause is construed as an express limitation of the repeal to inconsistent acts." Sutherland Statutory Construction [3rd Ed.], Vol. 1, §2013, pp. 466-468.

Appellees assert that the Acts of 1929 [§54-430, Burns' 1951 Repl.] and 1933 [§54-203] are in clear conflict as related to the filing of appeals in all rate cases in that the earlier Act provides a limitation of 60 days for appeals, whereas the latter Act limits such proceedings to a period of 30 days. Therefore, appellees assert that the repealing clause

of the latter act repeals the time limitation of the former act. Appellees are right to the extent, and only to the extent, that the two Acts apply both to the same subject-matter and to the same *parties*. The former Act [§54-429] in enumerating the parties to whom it was applicable specifically named associations and corporations as such parties. However, the latter Act [§54-203] in enumerating the parties to whom the Act applied clearly omitted associations and corporations. We must assume that this omission was intentional and therefore that the repeal by conflict expressed in the latter Act was not intended to apply to these appellants, an association and a corporation, who were specifically named in the former Act and not included in the latter.

We next consider the third statement of principle above stated by appellees, from which established principle appellees assert that this court, in its opinion, makes a serious departure. In support of their position, that in all statutory proceedings all jurisdictional facts must be specifically pleaded, appellees rely upon statements contained in several cases decided by this court. Admittedly, there is no clear uniformity in the reported statements upon this proposition, therefore it seems necessary to review the cases and clarify this rule of pleading. Appellees first quote from the case of *State ex rel. Ayer* v. *Ewing* (1952), 231 Ind. 1, at page 14, 106 N. E. 2d 441, as follows:

"... in any special statutory proceedings whatever, all jurisdictional averments *required by the statute under which the proceeding is based* must be contained in the petition or the court in which it is filed, as well as any court to which it may come on change of venue or appeal will be without jurisdiction in the case, except to enter an order dismissing the case." (Our italics.)

And at page 11, *supra:*

"It has been well stated by competent authority that '. . . impeachment proceedings are highly penal in their nature and generally governed by rules of law applicable to criminal causes, so that provisions of statutes and of the constitution on the subject of procedure therein are to be construed strictly. . . .' 67 C. J. S., Officers—Impeachment, §68, p. 295, Cl. (c), Procedure, pp. 296, 297."

However, it is to be noted that in the above impeachment proceedings, in which the rules of procedure in criminal cases are made to apply, the court merely states that all jurisdictional averments *required by the statute* must be present in the complaint. It does not state the degree of particularity with which facts must be alleged in all statutory proceedings.

Next appellees quote from the case of *Touhey* v. *City of Decatur* (1911), 175 Ind. 98, 102, 93 N. E. 540, 542, 32 L. R. A. (N. S.) 350, in which the court, in a statement not necessary to the decision, said:

"It is well settled that when any one seeks the benefit of a statute, or to enforce a statutory right or liability, he must, by allegation and proof, bring himself *clearly* within its provisions. . . ." (Our italics.)

To like effect, appellees cite the case of *Sherfey* v. *City of Brazil* (1938), 213 Ind. 493, 504, 13 N. E. 2d 568, 573, in which the court stated, that it is essential for the pleader who wishes to secure the benefit of a statute to "bring himself *clearly* within its terms." (Our italics.)

We believe these cases correctly state the rule. The question then is, with what particularity must jurisdictional facts be alleged in order to *clearly* bring a party within the provisions of the statute? It is appellees' position that such jurisdictional facts must be alleged

with such absolute exactitude as to exclude every possibility of facts to the contrary, and, in support of this position, they cite the following two cases. In the most recent case of *State ex rel. Wever* v. *Reeves* (1951), 229 Ind. 164, 96 N. E. 2d 268, cited by appellees, the court merely held that failure to state whether appellant brought the action in contest of election as a party-plaintiff or as a prospective party-defendant, as expressly required by statute,[1] was jurisdictional. That case is of no help in deciding the issue in the case before us. In the earlier case of *Martin* v. *Schulte* (1932), 204 Ind. 431, 435, 182 N. E. 703, 705, cited by appellees, this court stated:

> "Since appellant's right to contest the nomination of appellee depends on statutory affirmance, he must assume the burden of the well-settled rule that one who seeks the benefit of a statute must, without *the aid of any intendment, bring himself strictly within its spirit as well as its letter. Board* v. *Jarnecke* (1905), 164 Ind. 658, 664, 74 N. E. 520; *Barker* v. *State* (1919), 188 Ind. 263, 267, 120 N. E. 593, and cases there cited; *Alyea* v. *State* (1926), 198 Ind. 364, 152 N. E. 801, 153 N. E. 775." (Our italics.)

The language in the above case, although it preceded the Sherfey case, *supra,* has not been subsequently quoted or relied upon. Nevertheless, because of the strong language which the case employs, it deserves our consideration. First, examination of the statement discloses that it was dicta—not necessary to decision in the case. The sole question in that case was whether nomination of a congressman could be contested under the state law under which the action was brought, or whether, as a matter of law, congress alone could contest the nomination and election. There was no ques-

---

1. §§29-5401—29-5417, Burns' 1949 Repl.

tion as to the sufficiency of the allegations of fact to bring the appellant within the terms of the statute. Secondly, an examination of the case of *Board, etc.* v. *Jarnecke* (1905), 164 Ind. 658, 664, 74 N. E. 520, 523, cited as authority for the above statement in the Martin case, *supra*, reveals that the court did quote a similar statement from Sutherland Statutory Construction, §§392, 393.[2] However, here again we find that the statement attributed to Sutherland was neither necessary nor was it applied by the court in making its decision in the case. Rather, in deciding the Jarnecke case, *supra*, the court stated the rule as follows:

" . . . The rule is well settled that where a party seeks to avail himself of a statutory remedy, he must bring himself *substantially* within the provisions of the act awarding such remedy. *Harrison* v. *Stanton* (1896), 146 Ind. 366, 370; *Chicago, etc., R. Co.* v. *Barnes* (1905) [164 Ind.], *ante,* 143."

Continuing our examination into the history of the rule, we find that in the case of *Harrison* v. *Stanton et al.* (1896), 146 Ind. 366, 370-371, 45 N. E. 582, cited as authority in Jarnecke, *supra*, the rule was similarly stated as follows:

" . . . It is a general rule that a person asking a right or remedy conferred by the statute, must bring himself *substantially* within the provisions

---

2. " '392. A statutory remedy or proceeding is confined to the very case provided for and extends to no other. It cannot be enlarged by construction, nor be made available or valid except on the statutory conditions, that is, by strictly following the directions of the act. 393. A party seeking the benefit of such a statute must bring himself strictly not only within the spirit but its letter; he can take nothing by intendment.' "

The above statement does not appear in Sutherland Stat. Constr. (1905 Ed.). The statement made in this (subsequent) edition is as follows: "In statutory proceedings the statute must be *substantially* complied with; every act required which is jurisdictional, or of the essence of the proceeding, or prescribed for the benefit of the party to be affected thereby, must be done; the requirement is mandatory." §630, p. 1140.

or requirements of the statute conferring ·such right. *Goodwin* v. *Smith,* 72 Ind. 113; *Massey* v. *Dunlap* [146 Ind.], *ante,* 350; Sutherland on Statutory Construction, Section 393." (Our italics.)

From this summation of the decision of this court and the authority therein relied upon, we believe the rule to be that, in all special statutory proceedings the complaint must allege the jurisdictional facts required by the statute upon which the proceeding is based. In proceedings which are remedial in character, the form and substance of the allegation regarding jurisdictional facts must substantially meet the requirements of the statute so as to clearly bring the party invoking the statute within its ·terms. To meet this requirement, the reasonable and ordinary inferences which flow from the facts pleaded may be considered to support the ultimate fact required by the statute.

We believe the original opinion correctly states the principles of law upon which the decision is based, and that the principles were properly applied to the facts presented.

Bobbitt and Landis, JJ., concur.

Emmert, C. J., and Arterburn, J., dissent.

NOTE.—Reported in 148 N. E. 2d 537.
Rehearing denied in 150 N. E. 2d 250.