Harrison *v*. Stanton *et al*.

---

### HARRISON *v*. STANTON ET AL.

[No. 17,877.   Filed December 3, 1896.]

WILLS.—*Contest Of.—Right to Prosecute Action as Poor Person.*—If the right to prosecute an action as a poor person under section 260, R. S. 1881 (261 Burns' R. S. 1894), can be extended by construction to proceedings to contest a will after the probate thereof, under sections 2596, 2597, R. S. 1881 (2766, 2767, Burns' R. S. 1894), the contestant would not, by reason thereof, be relieved from giving bond as required by sections 2596, 2597, (2766, 2767), *supra*.

From the Marion Circuit Court. *Affirmed.*

*J. E. Watson, R. W. McBride, C. S. Denny, Wilson Morrow, J. F. McKee* and *W. N. Pickerill,* for appellant.

*J. E. Scott* and *Miller, Winter & Elam,* for appellees.

JORDAN, C. J.—Appellant, on the 18th day of October, 1895, instituted this proceeding, under sections 2766 and 2767, Burns' R. S. 1894 (2596, and 2597, R. S. 1881), to contest the validity of the will of John Herron, who died a resident of Marion county, Indiana, leaving an estate of the probable value of $200,-000.00. The will in contest was admitted to probate on May 17, 1895, in the circuit court of Marion county, Indiana. At the time of the filing of her complaint the appellant also petitioned the court to allow her to prosecute this suit as a poor person, basing her right on section 261, of Burns' R. S. 1894 (260, R. S. 1881), being section 17, of the code of 1881, which reads as follows:

"Any poor person, not having sufficient means to prosecute or defend an action, may apply to the court in which the action is intended to be brought, or is pending, for leave to prosecute or defend as a poor person. The court, if satisfied that such person has not sufficient means to prosecute or defend the action, shall admit the applicant to prosecute or defend as a poor person, and shall assign him an attorney to defend or prosecute the cause, and all other officers requisite for the prosecution or defense, who shall do their duty therein without taking any fee or reward therefor from such poor person."

By her verified petition it appeared that she was a poor person, destitute of means, and unable to procure any responsible person to become her surety on the

bond required to be filed by section 2767 (2597), *supra.*
She supported the facts set forth in her petition by the
affidavits of other persons, and also showed by the
affidavits of two reputable attorneys at law that she,
in their opinion, had a meritorious cause of action, etc.
Pending her application for leave to sue *in forma
pauperis*, appellee, Stanton, executor of the will,
moved the court to dismiss the action, for the reason
that no bond had been filed, as required by the sec-
tion above mentioned. The court denied appellant's
application for leave to prosecute her contest proceed-
ing as a poor person, and ordered that she file a bond
within thirty days. Upon failure to file the required
bond within the limit fixed, the court sustained appel-
lee's motion and dismissed the proceeding at appel-
lant's cost, and upon this action of the court appel-
lant bases her alleged error.

Assuming, without deciding, that the right to sue *in
forma pauperis*, as granted by section 261 (260), *supra*,
can be, as appellant insists, extended by construction,
to the proceedings to contest a will, under the statute
relating to wills, we must next inquire, could such
leave, if granted by the court in pursuance of the sec-
tion of the civil code, be held in any manner to have
the force or effect to dispense with the bond in ques-
tion, and thereby relieve the appellant of the impera-
tive obligation of filing one, as imposed by the statute,
upon a person seeking to annul a will after the pro-
bate thereof? If this question can be answered in the
negative, it would follow that the court properly dis-
missed the proceeding upon the failure of appellant
to file the requisite bond, and its action must be af-
firmed.

The insistence of appellant's learned counsel is that
the provisions of section 261 (260), *supra*, ought to be
imported by construction into section 2767 (2597),

*supra,* and ingrafted onto it as an exception to the extent of relieving a poor person contesting a will from the necessity of filing a bond. A solution of the question involved, requires an examination, to an extent, of the statute relating to the execution, probate and contest of wills. By section 38, of this act, being section 2765, Burns' R. S. 1894 (2595, R. S. 1881), the right is given to resist the probate of a will, without giving a bond. Section 39, being section 2766 (2596), *supra,* provides as follows:

"Any person may contest the validity of any will, or resist the probate thereof, at any time within three years after the same has been offered for probate, by filing in the circuit court of the county where the testator died, or where any part of his estate is, his allegation, in writing, verified by his affidavit, setting forth the unsoundness of mind of the testator, the undue execution of the will, that the same was executed under duress or was obtained by fraud, or any other valid objection to its validity or the probate thereof; and the executor and all other persons beneficially interested therein shall be made defendants thereto."

This latter section, it seems, is intended to apply to persons who have not resisted the probate or assailed the validity of a will under section 2765 (2595), *supra. Duckworth* v. *Hibbs,* 38 Ind. 78.

Section 2767 (2597), *supra,* being the one more especially in controversy, reads as follows:

"Before any proceedings shall be had on an application to contest a will after probate thereof, the person making the same, or some other person in his behalf, shall file a bond, with sufficient sureties, in such amount as shall be approved by the clerk of such circuit court, conditioned for the due prosecution of such

proceedings and for the payment of all costs thereon in case judgment be awarded against him."

The right, as it now exists in this State, to resist the probate of a will, or to contest its validity, is purely statutory, and such remedy or right is a special proceeding provided by statute. *Harris* v. *Harris*, 61 Ind. 117; *Deig, Exr.,* v. *Morehead,* 110 Ind. 451; *McDonald* v. *McDonald,* 142 Ind. 55.

Under section 2765 (2595), *supra,* this right may be exercised without the complainant being required to file a bond, but after the will has been once admitted to probate the right to attack its validity upon any or all of the grounds mentioned in section 2766 (2596), *supra,* is coupled with and given only upon the stipulated condition that a bond be filed for *the due prosecution of such proceeding,* and for the payment of all cost in case judgment be awarded against the contesting party. While the filing of this required obligation, within the meaning and terms of the section in question, cannot be said to be a condition precedent to the commencement of the suit, however, after it is once instituted, the statute denies the authority or power of the court to further proceed in the action, in the absence of the filing of the prescribed bond. It is true that the court, in its discretion, may allow a reasonable time to the plaintiff to secure and file the bond, nevertheless, upon his failure to file one, the court must dismiss the proceeding. *Burns, Exr.,* v. *Travis,* 117 Ind. 44; *Lange* v. *Dammier,* 119 Ind. 567.

The fact that a person seeking to avail himself or herself of the statutory right to contest a will after its probate, is poor and destitute of means, cannot exempt him or her from the imperative demands of the statute. It is a general rule that a person asking a right or remedy conferred by the statute, must bring himself substantially within the provisions or require-

ments of the statute conferring such right. *Goodwin* v. *Smith*, 72 Ind. 113; *Massey* v. *Dunlap*, *ante*, 350; Sutherland on Statutory Construction, section 393.

The legislature, in the enactment of the statute relative to contests of wills, seems to have given and extended the right or remedy to annul a will thereunder equally to all persons, without regard to their *status* as to wealth or poverty. This statutory remedy can only be made available to those who substantially comply with the conditions or directions of the statute, it can not be enlarged nor changed by construction to conform it to some particular case. Sutherland on Stat. Cons., sections 392 and 456; *Willett* v. *Porter*, 42 Ind. 250.

The common law did not authorize anyone to sue *in forma pauperis*, and it was only in pursuance of the provisions of Statute 11, of Henry VII, c. 12, that a plaintiff who was a pauper could be admitted to sue as a poor person. Tidd's Practice, 97. And by Statute 23, Henry VIII, c. 15, such person was exempt from the payment of cost to the defendant in an action of debt in the event he was nonsuited or had a verdict returned against him, but he might be subjected to such other punishment as the justices before whom the action was pending might deem reasonable. (Id. 97 and 98.) While the privilege granted to a poor person is just and proper, still it is not to be extended by construction beyond its true scope and purpose. *Hoey* v. *McCarthy*, 124 Ind. 464.

Appellant, however, insists that the court should so construe section 261 (260), *supra*, as to make it control the requirement of section 2767 (2597), *supra*, and hold that under the provisions of the former she could be relieved from filing the bond provided by the latter. The question with which we have to deal, under the facts in this case, is not one of judicial discretion, but

is one relative to the existence of a remedy or right of purely statutory character. This right, we have seen, is made to depend upon the condition, that a bond be given, not only to secure the payment of cost, but also to secure the *due prosecution of the proceeding.* Were we to yield to the insistence of appellant, we would have to eliminate from the statute a feature imposed by the legislature as an essential condition upon the right conferred, and one which limits the very power of the court to proceed in an action instituted to annul a will. This would be judicial legislation instead of judicial construction.

In *The State, ex rel.,* v. *Delano,* 37 Ind. 249, the relator, who was a poor person, was defeated in his action upon the official bond of a constable before a justice of the peace. He applied to the common pleas court for an order to prosecute his action therein upon an appeal as a poor person. The court ordered that a transcript of the proceedings before the justice be certified, and that the relator be allowed to prosecute his cause as a poor person. Subsequently, the appeal was dismissed by the court for the reason that no appeal bond was filed.

This court, by Worden, C. J., in construing the above section of the code providing for the prosecution or defense of suits by poor persons, said: "This statute does not, as we think, dispense with a bond. It simply provides the party with attorneys and other officers requisite for the prosecution or defense of his suit, who are to serve him without fee or reward. It does not furnish officers or witnesses to serve the other party without fee or reward; and if the opposite party recover in the action, he is entitled to recover his costs of the poor person. The poor person is not exempt from the payment of whatever judgment the other party may recover against him, whether for costs or

otherwise; and this he is required to do by the conditions of the appeal bond."

If the section of the code in question cannot exempt a poor person from giving an appeal bond, upon which his right to an appeal from a justice of the peace depends, with equal force and reason, at least, it may be said, that it cannot be construed so as to exempt him from filing a bond upon which his statutory right to contest a will also depends. The cases cited by counsel for appellant cannot be held to be controlling upon the question here involved.

This court, in the cases of *Hood* v. *Pearson,* 67 Ind. 368, and *Britton* v. *Rowe,* 115 Ind. 55, affirmed the right of an infant to prosecute as a poor person without the intervention of a next friend.

In *Wright* v. *McLarinan,* 92 Ind. 103, and in *Fuller* v. *Mehl,* 134 Ind. 60, it was held that a non-resident, who had been permitted to prosecute as a poor person, was relieved from giving a cost bond, required of non-residents, by another provision of the civil code.

In the cases last cited the right of action in each existed independently of the provisions or requirements of the code, consequently it was held that the right granted to him under section 261 (260), *supra,* operated as an exemption from the obligations required by the other provisions of the code. The court seems to have considered these provisions as restrictions only upon the manner of enforcing such a right of action by a particular party, and construed them in connnection and with reference to the meaning and intent of the legislature in awarding, by another section of the code, the right to prosecute as a poor person. The restrictions or limitations which were under consideration in these cases were not conditions upon which the right or remedy of the party rested. To grant a statutory remedy upon a condition with which

both the rich and poor alike must comply when they attempt to exercise such right, is a matter wholly within the province of the legislature, and if the remedy is conditioned upon a bond being given, and for this reason, it can be said to work an injustice or hardship upon the poor suitor, our answer to this contention must be "*ita lex scripta est*"—the law is so written, and must be accepted and applied by the court as enacted.

It follows that the action of the lower court in dismissing the contest proceeding in the absence of the required bond was right, and its judgment is therefore affirmed.