MANRING v. HODSON.

[No. 20,783. Filed March 19, 1968. Rehearing denied April 24, 1968. Transfer denied June 7, 1968.]

*Wayne J. Lennington,* of Muncie, *John T. Cook,* of Winchester, and *John W. Macy,* of Winchester, for appellant.

*Albert Ewbank,* of Indianapolis, for appellee.

COOPER, J.—This appeal comes to us from the Delaware Circuit Court wherein the Appellants, the plaintiffs below, filed a complaint to contest the will of one Robert Keith Reynolds.

From the record now before us it appears that the testator died on January 9, 1966, a resident of Delaware County, Indiana; that the will of said decedent was probated in the Delaware Circuit Court on January 11, 1966, and that one Ruth Hodson was duly appointed Executrix of said will; that said testator left as issue surviving him the Appellants herein, Mary Louise Manring, Robert William Reynolds and Phillip Keith Reynolds; that the Appellees herein, Ruth Hodson and Mary Heath are the sisters of the decedent, and that they are the sole named beneficiaries in said will.

The record reveals that the Appellants' complaint to contest said will was filed in the trial court on July 8, 1966, and at the same time the Appellants filed with the Judge of said court a paper denominated as an undertaking to secure the payment of costs and the due prosecution of said cause. Said undertaking was examined and approved by the Judge and noted filed. Thereafter, summons were issued and served upon the Appellees and the Executrix herein.

On August 9, 1966, the Appellees filed a Motion to Vacate the Order Approving Bond and to Dismiss Cause. The pertinent parts of said Motion read as follows:

"1. That the testator named in this action as Robert Keith Reynolds, is the one and the same person as Robert K. Reynolds, who executed the Last Will and Testament herein sought to be revoked by the plaintiffs herein by their complaint in the above entitled cause.

"2. That on July 8, 1966, said plaintiffs filed their complaint herein to set aside and revoke the probate of the

Last Will and Testament of the said Robert K. Reynolds, deceased.

"That at said time, said plaintiffs tendered to the Court for filing and approval an instrument purporting to be an undertaking, conditioned for the due prosecution of said cause and the payment of all costs of said action in event judgment should be rendered against them.

"3. That on the aforesaid date, at the time of the filing of the aforesaid complaint to contest said decedent's will and revoke the probate thereof, the said Delaware Circuit Court of Delaware County, Indiana, made an order by the terms of which said Court examined, approved and filed said undertaking, which order is in the following words and figures, to-wit:

"July 8, 1966. Comes now the plaintiffs by counsel and file their verified complaint to contest a will and to set aside the probate thereof, together with written undertaking in the sum of costs herein filed, which same is examined and approved, as well as request for jury trial in this action, which complaint, undertaking and request for jury trial so filed are in these words, to-wit:'

"4. That said undertaking was filed by Mary Louise Manring, Robert William Reynolds and Phillip Keith Reynolds. That the same was not dated but was shown of record as having been filed, examined and approved concurrently with the filing of the aforesaid complaint.

"That each of the aforesaid persons were the sole and only persons signing and executing said undertaking and that no other person or corporation signed and executed said undertaking or bond as surety thereon, which undertaking is filed herewith, made a part hereof marked 'Exhibit A'.

"That each of the aforesaid persons so signing said undertaking, are one and the same persons as Mary Louise Manring, Robert William Reynolds and Phillip Keith Reynolds, who are the only plaintiffs in this action.

"5. That said decedent's Last Will and Testament was admitted to probate by the Delaware Circuit Court on January 11, 1966, and thereafter on said date of January 11, 1966, the Executrix of said Last Will and Testament, Ruth Hodson, defendant herein, qualified and Letters Testamentary were issued to her dated January 11, 1966.

"6. That this action was filed in the said Delaware Circuit Court on July 8, 1966.

"7. That no other bond or undertaking has ever been filed in said cause, signed by any person or corporation as surety, as required by law.

"8. That by reason of the failure of said plaintiffs or any one in their behalf to file with their said complaint to contest decedent's Last Will and Testament and to revoke the probate thereof, a sufficient bond with sufficient surety thereon conditioned as required by law, the Court was without jurisdiction to enter an order approving said plaintiffs' undertaking.

"That said decedent's Last Will and Testament aforesaid, was duly admitted to probate in the Delaware Circuit Court of Delaware County, Indiana, on January 11, 1966, and that more than six months have elapsed since the probate of said decedent's will and that the court is without jurisdiction of the aforesaid cause.

"WHEREFORE, defendants pray the Court that the order entered herein on July 8, 1966, approving said undertaking or bond, be vacated and that said action be dismissed at the plaintiffs' cost."

On April 13, 1967, the Court below sustained the Appellees' Motion to dismiss and entered the following judgment:

"Come now the parties, and by counsel, and motion to dismiss this cause, heretofore filed herein by the said defendants, is now submitted and the Court having no jurisdiction of this cause for the failure of the plaintiffs to file a bond with their complaint herein and having failed to file a bond within six (6) months from the date of the order admitting defendant's (sic) Last Will and Testament to probate, as required by law, said motion to dismiss this cause is sustained and this cause is dismissed and so spread of record.

"The costs incurred herein are taxed against the plaintiffs; judgment against the plaintiffs for costs."

This appeal followed. The assigned error on appeal is as follows:

"1. The Court erred in sustaining the motion to dismiss of appellees' to appellants' complaint.

"2. The Court erred in not sustaining the appellants' motion for change of venue from Delaware County."

We are of the opinion that the only question presented for our consideration at this time is, whether the filing of a bond as required by Sec. 7-119, Burns' Indiana Statutes, is a prerequisite to the jurisdiction of the court in a cause of action to contest a will, as the Appellees averred in paragraph number 8, of their foregoing motion.

In reviewing the Probate Code of 1953, we find that Section 7-119 provides:

"Bond in will contest.—At the time of filing his verified complaint, as provided by section 717, (Sec. 7-117), the plaintiff in said action, or some other person in his behalf, shall file a bond with sufficient sureties, in such amount as shall be approved by the clerk of the court, conditioned for the due prosecution of such proceedings and for the payment of all costs therein in case judgment be rendered against him."

In discussing the foregoing statute, we find the following statement in Henry, Probate Law and Practice, (Sixth edition) Vol. 1, p. 232:

"By the statute, at the time of filing his verified complaint as provided by section 717 (Burns' Stat. Sec. 7-117) the plaintiff in said action or some other person in his behalf, shall file a bond with sufficient sureties, in such amount as shall be approved by the Clerk of the court, conditioned for the due prosecution of such proceedings and for the payment of all costs therein in case judgment be awarded against him.

"The bond required by this section of the statute is not a necessary prerequisite to the court's jurisdiction in the contest proceedings. Such proceedings are purely statutory, and while a strict compliance with the requirements and formalities of the statute is required in the pleadings, all these requirements and formalities are not necessarily jurisdictional. The bond may be filed after the action has been commenced."

Our Supreme Court in the case of *McGeath* v. *Starr* (1901), 157 Ind. 320, 323, 61 N. E. 664, 665, in speaking of when an action for the contest of a will is begun, stated:

> "The general rule that an action is commenced only when the complaint is filed, and process is issued thereon, applies to proceedings of this kind as well as to ordinary civil actions."

We also note that the prior law, the same being Sec. 7-502 of Burns' Indiana Statutes, provided:

> "Bond of contestor.—Before any proceedings shall be had on an application to contest a will after probate thereof, the person making the same, or some other person in his behalf, shall file a bond, with sufficient sureties, in such amount as shall be approved by the clerk of such circuit court, conditioned for the due prosecution of such proceedings and for the payment of all costs therein in case judgment be awarded against him."

In construing and comparing the foregoing two statutes, it is apparent that the prior statute was more stringent in its requirements for the filing of a bond than the present one. In reviewing the applicable case law, we are of the opinion that the filing of a bond is not a condition precedent to the filing of a complaint, nor is it a jurisdictional matter, the absence of which will deprive the court of jurisdiction. However, upon a proper application, the proceedings should be stayed until a sufficient bond is filed with the clerk and approved by him. See *Coffman, et al.* v. *Reeves, et al.* (1878), 62 Ind. 334; *Lange et al.* v. *Dammier, et al.* (1889), 119 Ind. 567, 21 N. E. 749; *Harrison* v. *Stanton, et al.* (1896), 146 Ind. 366, 45 N. E. 582.

In the recent case of *State ex rel. Dean, et al.* v. *Tipton Circuit Court, Wheatley, Judge* (1962), 242 Ind. 642, 181 N. E. 2d 230, at page 653, our Supreme Court stated:

> "Jurisdiction has been defined as 'the legal power, as distinguished from the right, to entertain any matter or proceeding, and to act therein.' *State ex rel. Wilson, etc.*

v. *Howard Circuit Court, etc.* (1957), 237 Ind. 263, 267, 145 N. E. 2d 4, 6."

The court further said on the same page:

"Jurisdiction has been held to embrace three essential elements in this state: '(1) jurisdiction of the subject matter, (2) jurisdiction of the person, and (3) jurisdiction of the particular case.' *State ex rel. Johnson* v. *Reeves, Judge, etc. et al.* (1955), 234 Ind. 225, 228, 125 N. E. 2d 794, 796."

We judicially know that the Delaware Circuit Court has jurisdiction of probate matters, the class of case to which the case now before us belongs, and therefore it had jurisdiction of the subject matter of this action. The record now before us reveals that the court below had jurisdiction over all the interested parties, and the appellants herein by filing their verified complaint to contest the validity of the will, invoked the jurisdiction of the court over the particular case as provided for by Burns' Indiana Statutes, Sec. 7-117.

In reviewing the Probate Code of 1953, and the case law applicable thereto, we fail to find any statutory authority for the dismissal of the appellants' cause of action by the Delaware Circuit Court. Therefore, if the court's dismissal of the Appellants' cause is to be affirmed, it must be on the basis of the court's inherent power to dismiss causes of action. However, our Supreme Court has held that such power is limited to causes of action over which a court has no jurisdiction. *State ex rel. Terminix Co. of Ind.* v. *Fulton C. C., Rakestraw, Judge, etc.* (1966), 235 Ind. 218, 222, 132 N. E. 2d 707; *State ex rel. Hurd* v. *Davis, Judge* (1949), 227 Ind. 93, 84 N. E. 2d 181; *Soderling* v. *Standard Oil Co.* (1950), 229 Ind. 47, 53, 95 N. E. 2d 298; Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, Sec. 1301, page 126.

The trial court in this case, as has been pointed out above, did have jurisdiction of this cause, and therefore it did not have the inherent power to dismiss it.

Because of the error of the court below in sustaining the motion to dismiss, this cause must be reversed. Cause is reversed with instructions to the trial court to reinstate the cause, to overrule the motion to dismiss, and to order the petitioners below to file a suitable and proper bond with the clerk of the Delaware Circuit Court within a time to be fixed by said court.

Carson, C. J., Faulconer and Prime, JJ., concur.

NOTE.—Reported in 234 N. E. 2d 870.