**In re the MARRIAGE OF Gloria Jean BROWN and David K. Brown.**

**Gloria Jean BROWN, Petitioner-Appellant,**

v.

**David K. BROWN, Respondent-Appellee.**

No. 1–678A157.

Court of Appeals of Indiana, First District.

March 27, 1979.

Gary E. Smith, Smith & Shaw, Connersville, for petitioner-appellant.

LYBROOK, Presiding Judge.

Gloria Jean Brown, appellant, filed a petition for dissolution of marriage in Fayette Circuit Court on May 25, 1977. Appellee David K. Brown filed his counter petition and answer on June 3, 1977. On June 14, 1977, Gloria filed a motion for change of venue from the county which was denied. The matter proceeded to trial before the Fayette Circuit Court which entered its decree of dissolution in the case on November 15, 1977.

Appellant raises three issues for our review:

(1) Whether the trial court committed reversible error in denying Gloria's motion for change of venue from the county;

(2) Whether the trial court committed reversible error in ordering certain real estate to be sold; and

(3) Whether the trial court committed reversible error in ordering certain parties to perform acts in conflict with the terms of an installment land sale contract.

Because of our disposition of the first issue, we need not discuss the remaining issues.

We reverse.

Ind.Rules of Procedure, Trial Rule 76 provides, in part:

"(1) In all cases where the venue of a civil action may now be changed from the judge or the county, such change shall be granted upon the filing of an unverified application or motion without specifically stating the ground therefor by a party or his attorney. Provided, however, a party shall be entitled to only one [1] change from the county and only one [1] change from the judge.

(2) In any action except criminal no change of judge or change of venue from the county shall be granted except within the time herein provided. Any such application for a change of judge or change of venue shall be filed not later than ten [10] days after the issues are first closed on the merits.

(3) Provided, however, in those cases where no pleading or answer may be required to be filed by the defending party to close issues (or no responsive pleading is required under a statute), each party shall have thirty [30] days after the filing of such case within which to request a change from the judge or the county."

Ind.Code 31-1-11.5-4 governs the commencement of proceedings for dissolution of marriage with subsection (c) providing: "A responsive pleading or a counter petition *may* be filed under this chapter." (Emphasis added.) Gloria correctly contends that, under this statutory provision, a responsive pleading is not required in a divorce proceeding. This, she argues, brings her motion for change of venue within the language of T.R. 76(3), giving her 30 days from the filing of her petition in which to file the motion. If this is correct, her motion was timely filed.

In denying Gloria's motion, the trial court found in relevant part:

"Trial Rule 76(2) states specifically no civil change of venue shall be granted except within the time herein provided. Any such application . . . shall be filed not later than ten (10) days after the issues are closed on the merits. Such specific time limitation is controlling over the time of thirty (30) days provided by subsection (3) of said rules."

The trial court obviously applied subsection (2) because it recognized that our courts have long held that the issues are first closed on the merits with the filing of an answer. *State ex rel. Katz v. Marion Superior Ct.,* (1974) 261 Ind. 623, 308 N.E.2d 694.

Without expressly so holding, our courts, however, have always viewed the last sen-

tence of T.R. 76(2) and T.R. 76(3) as mutually exclusive categories. *State ex rel. Travelers Ins. Co. v. Madison Superior Ct.*, (1976) 265 Ind. 287, 354 N.E.2d 188; *City of Fort Wayne v. State ex rel. Hoagland*, (1976) Ind.App., 342 N.E.2d 865; *State ex rel. Chambers v. Jefferson Circuit Ct.*, (1974) 262 Ind. 337, 316 N.E.2d 353. To the contrary, the trial court's view of T.R. 76(2) and (3) would cause subsection (3) to initially apply to a case, as here, where no responsive pleading was required under a statute. But if the defendant or respondent exercised his discretion and chose to file an answer, subsection (3) would be preempted and subsection (2) would apply. Thus, a plaintiff or petitioner might file his complaint or petition in reliance on the 30-day provision of subsection (3) only to find the period cut short by several days when subsection (2) came into play.

The language of T.R. 76(3) does not point to such a result. Subsection (3) clearly carves out an exception to the rule provided in the last sentence of subsection (2) by its use of the opening phrase, "Provided, however". The mandatory "shall" is used instead of the permissive "may" in the last phrase, "each party *shall* have thirty [30] days after the filing of such case within which to request a change from the judge or the county", and there is no express exception from the provisions of subsection (3) for a situation like the case at bar.

 The policies behind T.R. 76 were set out in *State ex rel. Yockey v. Marion Superior Ct.*, (1974) 261 Ind. 504, 307 N.E.2d 70: 1) to guarantee a fair and impartial trial by making the automatic change of venue available; and 2) to avoid protracted litigation by imposing a time limit after which a change of venue motion shall be denied. If the trial court's interpretation were to prevail, this first policy might be defeated here. T.R. 1 provides that the rules "shall be construed to secure the just, speedy and inexpensive determination of every action." The rules were not meant to confuse the diligent or to trap the unwary and, thus, they are best interpreted and applied in a straightforward manner.

 We hold that the 30-day time limit for a request for a change from the judge or the county in T.R. 76(3) applies to every case where no pleading or answer may be required to be filed by the defending party to close the issues, or no responsive pleading is required under a statute, regardless of whether the defending party actually files a pleading or answer.

 It is the general rule that once a proper and timely motion for change of venue is filed, the trial court is divested of jurisdiction to take further action except to grant the change of venue. *City of Fort Wayne, supra.* The judgment of the trial court is hereby reversed and remanded with instructions to set aside the decree of dissolution and to grant Gloria's motion for change of venue from the county.

Reversed and remanded.

LOWDERMILK and ROBERTSON, JJ., concur.