Terry **HARPER**, Angelica Dawn Harper, and Heidi Harper, Appellants,

v.

Karen **BOYCE**, as Personal Representative of the Estate of Jessie L. Harper, Appellee.

No. 11A01–0301–CV–21.

Court of Appeals of Indiana.

May 24, 2004.

---

Darrolyn A. Ross, Indianapolis, IN, Attorney for Appellants.

ERIC D. SOMHEIL, Brown & Somheil, Brazil, IN, Attorney for Appellee.

## OPINION

SULLIVAN, Judge.

Terry Harper and his daughters, Angelica Dawn and Heidi, (collectively "the Har-

pers") appeal from the dismissal of their action to contest the will of Terry's mother, Jessie Harper, following a petition to the trial court requesting that Karen Boyce, Terry's sister, be allowed to proceed as personal representative of the estate ("Estate"). The Harpers present several issues for our review:

I. Whether a trial court may rule upon motions during the time period in which a party may file a motion for a change of judge;

II. Whether a personal representative of an estate may file certain motions without first filing responsive pleadings;

III. Whether the trial court should have treated the personal representative's motion to dismiss as a motion for summary judgment; and

IV. Whether the Harpers were denied procedural due process.

We affirm.

Terry and Karen's parents, William and Jessie, established a trust of which William and Jessie were the beneficiaries during their lifetimes. In the event of their deaths, the trust assets were to be used for the benefit of Terry and Karen and upon their deaths, for the respective children of Terry and Karen. After William died in December 2001, Jessie amended the trust so that the beneficiaries at the time of her death were Karen and her children. On the same day, Jessie executed a will naming Karen as the sole beneficiary.

Upon Jessie's death, Karen became personal representative of the Estate and, on March 12, 2002, filed a petition requesting that she be allowed to proceed in the unsupervised administration of the Estate. The Harpers subsequently filed their complaint to contest the will. Additionally, they filed a motion entitled "Motion to Intervene," requesting that the original trust document be submitted to the court for review. The trial court denied the motion to intervene upon learning that a copy of the trust document had been provided to the Harpers. On June 19, 2002, the Estate filed a motion requesting that the trial court set a bond, pursuant to Indiana Code § 29–1–7–19 (Burns Code Ed. Repl.2000), in the amount of $2,500. The trial court, Judge Ernest Yelton, granted the motion on that same day and ordered that the Harpers file a bond on or before June 28, 2002 or the will contest would be dismissed.

The following day, the Harpers filed a motion for change of judge. A new judge, R. Jerome Kearns, was appointed and as special judge assumed jurisdiction of the cause on August 20, 2002. On August 23, 2002, the Estate filed a motion to dismiss because the Harpers had not filed a bond as ordered by Judge Yelton. On August 28, Judge Kearns dismissed the Harpers' complaint to contest the will for failure to follow Judge Yelton's order requiring that they comply with I.C. § 29–1–7–19.

I

*Rulings Before Change of Judge*

Trial Rule 76 provides that in civil actions in which a change may be taken from a judge, a change of judge motion shall be granted upon the filing of an unverified application or motion by a party. Furthermore, a party is entitled to one change of judge so long as the motion for change of judge is filed within the applicable period of time set forth in Trial Rule 76. As a general proposition, when a proper and timely motion for change of judge is filed, the trial court is divested of jurisdiction to take further action except to grant the change of judge. *See In re Marriage of*

*Brown,* 180 Ind.App. 1, 4, 387 N.E.2d 72, 74 (1979).

The Harpers assert that the prohibition upon a trial court ruling on motions after a motion for change of judge is filed should be taken one step further, such that trial courts should not be allowed to rule upon substantive, non-emergency matters during the period of time in which a party is entitled to file a change of judge motion. Without this additional restriction, the Harpers contend that the ability of a party to protect himself when faced with a trial court with whom he fears he may be disadvantaged would be lost and Trial Rule 76 would be eviscerated because the trial court could rule upon motions before a change of judge could be sought.

The Harpers have provided no authority which supports their position. Indeed, no such authority exists. Consequently, the Harpers rely solely upon the stated policy that Trial Rule 76 is to guarantee a fair and impartial trial to the parties. *See Marriage of Brown,* 180 Ind.App. at 4, 387 N.E.2d at 74. While we recognize the policy and wholeheartedly agree that parties should be protected from those situations in which they may not receive a fair and impartial trial, we decline the Harpers' invitation to prohibit trial courts from ruling upon substantive, non-emergency matters prior to the time in which a change of judge motion may be filed.

■ Nothing in Trial Rule 76 indicates an intent that a trial court should be prohibited from ruling upon motions or other matters during the time period in which a change of judge motion may be filed. For this court to now implement that policy would effectively divest trial courts of the ability to take any meaningful action upon cases during a period in which much can be done to address matters which may appropriately be before the trial court. Additionally, a prohibition against ruling upon matters has the potential to lead to a back log of issues which must be dealt with after the time for the change of judge has expired and may lead to parties filing motions which would be unnecessary had the trial court been able to rule upon matters as they came before the court. Finally, were we to adopt the interpretation of the Rule which the Harpers offer, trial courts would have to determine whether an action which a party requested it to take was truly procedural or whether it had substantive implications. In many cases, procedural rulings directly impact substantive matters which are to occur later in a proceeding. The differences of opinion among the parties about what is or is not a substantive matter likely would lead to claims that the trial court had inappropriately ruled upon substantive matters in the restricted time period. This in turn would lead to additional litigation and appeals.[1]

Trial Rule 76 is written so that a party who feels that a change of judge is necessary may receive it. In those instances in which a party feels strongly that a fair trial cannot be had from the start, the party should immediately file a motion for change of judge. Urgency in filing the motion precludes the trial court's general ability to rule upon any matter in the cause of action. This is all the protection that is needed. We see no reason to amend the interpretation of the Rule to preclude the ability of parties and trial courts to advance their cases when no

---

1. While the numbers are not before us, given the procedural posture of cases which we routinely review, we speculate that change of judge motions are filed in a very small fraction of cases. Also, there is no indication, or even an assertion by the Harpers, that there is a problem within the judicial system such that trial courts purposefully rule upon matters adversely to a party knowing that a change of judge motion will be filed.

intention to file a change of judge motion exists or has been proposed.

## II

### *Filing of Motions*

The Harpers also claim that the Estate should not have been allowed to file a motion to set bond or a motion to dismiss for failure to file a bond because Trial Rule 12(B) requires that a responsive pleading be filed before each of those motions may be filed. Trial Rule 12(B) reads:

> "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required; except that at the option of the pleader, the following defenses may be made by motion:
>
> (1) Lack of jurisdiction over the subject-matter,
>
> (2) Lack of jurisdiction over the person,
>
> (3) Incorrect venue under Trial Rule 75, or any statutory provision. The disposition of this motion shall be consistent with Trial Rule 75.
>
> (4) Insufficiency of process,
>
> (5) Insufficiency of service of process,
>
> (6) Failure to state a claim upon which relief can be granted, which shall include failure to name the real party in interest under Rule 17,
>
> (7) Failure to join a party needed for just adjudication under Rule 19,
>
> (8) The same action pending in another state court of this state."

We have found no case which has addressed whether a motion requesting that a trial court set a bond when one is required falls within the contemplation of Trial Rule 12(B). Given the nature of the proceedings in a will contest, we conclude that it does not.

Indiana Code § 29–1–7–19 requires that at the time a verified complaint is filed contesting a will, the plaintiff to the action shall file a bond with sufficient sureties in an amount approved by the court, conditioned for the due prosecution of the proceedings and for payment of all costs if in the proceedings judgment is rendered against the plaintiff. It has been consistently held that the filing of a bond in a will contest is not jurisdictional nor a condition precedent to the filing of a complaint. *See, e.g., Manring v. Hodson,* 142 Ind.App. 356, 361, 234 N.E.2d 870, 873 (1968). However, it has also been the law of this State for over one hundred years that before being permitted to proceed with the contest, the contestant is required to file a bond and the failure to file a bond in a will contest may result in a dismissal of the proceedings. *See Harrison v. Stanton,* 146 Ind. 366, 45 N.E. 582 (1896).

In *Harrison,* our Supreme Court was faced with the question of whether it was proper for a court to dismiss a will contest because a party failed to file the bond as required by statute. According to the statute in effect at the time, Indiana Code Ann. § 2767 (1894), the individual contesting the will was required to file a bond. In *Harrison,* the individual contesting the will sought the ability to proceed in forma pauperis and to have the bond requirement set aside. The trial court denied the request and ordered that the bond be filed within thirty days. 146 Ind. at 368, 45 N.E. at 582. When the individual had not filed the bond within the required time, the court granted a motion to dismiss filed by the executor of the will for failure to file the bond. Upon review, the Supreme Court held that it was proper for the trial court to dismiss the contest proceedings for failure to file the required bond. 146 Ind. at 374, 45 N.E. at 584. *See also Zelek v. Jankowski,* 598 N.E.2d 596 (Ind.Ct.App.

1992) (upholding trial court's decision to dismiss a will contest because the party did not file a $2,500 bond as required by statute within the time frame established by the court), *trans. denied.*

When the Harpers failed to file a bond as required by I.C. § 29–1–7–19 or request that the trial court set a bond amount, they effectively halted all proceedings. *Cf. Manring,* 142 Ind.App. at 361, 234 N.E.2d at 873 (stating that when no bond is filed, upon a proper application, the proceedings should be stayed until a sufficient bond is filed with the clerk and approved). For while the bond may not be a condition precedent to the filing of a will contest, the contest is appropriately dismissed when no bond is filed. Thus, filing a bond is a necessity to the proceeding. Therefore, the Estate appropriately filed the motion requesting that the trial court order that a bond be filed. Had the Estate not filed the motion, it could do nothing but wait for the Harpers to fulfill their statutory requirements in proceeding with their cause of action.

A second important consideration is that the motion to set bond filed by the Estate does not fit within the types of motions or pleadings referred to in Trial Rule 12(B). Trial Rule 12(B) specifically refers to motion and pleading practice for alleging defenses to a claim. In requesting that the trial court set a bond as required by the statute authorizing a will contest, the Estate was not asserting a defense to the Harpers' claim. Rather, it was seeking to have the rights and duties of the parties set; specifically, for the trial court to order the Harpers to comply with the requirements for the prosecution of their claim.

In this regard, the Estate's action in filing the motion did not violate Trial Rule 12(B). Consequently, Judge Yelton properly ordered that a bond be filed based upon the motion.

The Harpers also contend that the Estate should not have been allowed to file the motion to dismiss for failure to file a bond because it too violated Trial Rule 12(B). Once again, we are not persuaded by the Harpers' claim. When the Harpers failed to file a bond as required by the trial court's order to comply with I.C. § 29–1–7–19, the trial court could properly dismiss the will contest. *See Harrison,* 146 Ind. at 374, 45 N.E. at 584; *Zelek,* 598 N.E.2d at 597. The Estate need not have filed a responsive pleading because no action was required of it until the Harpers filed the bond as required within the time frame established by the trial court. Rather, it appropriately filed the motion requesting that the trial court dismiss the contest for failure to file the bond which was the sanction that the trial court forewarned the Harpers would be implemented if they did not file the bond. Thus, Judge Kearns appropriately granted the dismissal for failure to follow the trial court's order to comply with the statute.

### III

*Summary Judgment*

■ The Harpers also contend that the motion to dismiss should have been treated as a motion for summary judgment and that a hearing should have been held. Were the situation before us that Judge Kearns had ruled upon a motion to dismiss filed under Trial Rule 12(B), we might have been inclined to agree.[2] However, as

---

**2.** Trial Rule 12(B) states that when a party seeks to have a claim dismissed for failure to state a claim upon which relief can be granted, the motion should be treated as a motion for summary judgment if matters outside of the pleadings are presented and not excluded by the court. Here, Judge Kearns had to consider the order to file a bond entered by Judge Yelton. That order was not part of the pleadings. However, the posture of this case

stated above, the dismissal was appropriately entered because the Harpers failed to comply with the order of Judge Yelton to file a bond as required by statute within a set period of time. Thus, we are not dealing with the use of a defense which falls within Trial Rule 12(B) and the procedures to be employed when seeking to have a cause dismissed based upon the defenses available therein. Therefore, the trial court did not err in ruling upon the motion without treating it as a summary judgment proceeding.

## IV

### Due Process

 The Harpers' final claim is that they were denied procedural due process because motions were ruled upon by both judges without notice or hearings. It is generally acknowledged that procedural due process includes notice and an opportunity to be heard. *McIntosh v. Melroe Co., a Div. of Clark Equipment Co., Inc.*, 729 N.E.2d 972, 975 (Ind.2000); *Matter of Murray*, 266 Ind. 221, 223, 362 N.E.2d 128, 129 (1977). In this case, there is no question that the Harpers were not afforded notice or hearing upon the motions filed, but given the circumstances, we cannot conclude that they were denied the right to due process. Rather, they failed to take advantage of the opportunities and to fulfill the basic obligations before them in order to be heard.

The most basic fact remains that the Harpers, in order to comply with the statutory requirements to contest the will, had to file a bond. It was their responsibility to comply with the statute in order that the will contest could proceed. *Payne v. Buchanan*, 238 Ind. 231, 258, 150 N.E.2d

250, 253 (1958). *Cf. Hendricks County Bank & Trust Co. v. Guthrie Bldg. Materials, Inc.*, 663 N.E.2d 1180, 1184 (Ind.Ct. App.1996) (emphasizing the importance of the claimant's compliance with the specific procedural requirements of the Adverse Claims Act and that the failure to abide by the provisions of the statute leaves a financial institution with no recourse but to honor its depositor's demands), *trans. denied*. When the motion to order the filing of a bond was made, that order was granted by the judge the same day without a hearing or notice to the Harpers. However, the Harpers were necessarily aware of the bond requirement, and their failure to file the bond or request that the trial court set a bond amount cannot be used by them to now assert that they should have been afforded more procedure. The Harpers assert that they should have been given the opportunity to argue about the amount of the bond because they were of limited financial resources. Indeed, they had that option but they failed to pursue their own motion to set the bond amount. In light of their knowledge of the bond requirement and that they had opportunity to comply with the statutory requirements on their own before the bond motion was filed by the Estate, we cannot conclude that the Harpers were denied procedural due process in regard to the order to file a bond.

The Harpers also challenge the trial court's failure to hold a hearing upon the motion to dismiss for failure to file a bond. The Harpers argue that they did not have sufficient time to respond to the motion to dismiss because the motion was granted only four days after the motion was filed. Once again, the Harpers mistake their failures for failures of the trial court. The Harpers were given notice through the

at the time in question merely emphasizes the fact that the situation does not even arguably

bring Trial Rule 12(B)(6) into play.

order entered by Judge Yelton that they had to comply with the bond requirement by a certain date or the contest would be dismissed. They failed to comply with that requirement knowing full well that the action might well be dismissed. Once that time frame had passed, there was nothing they could do to salvage their claim. It is of no moment that a change of judge occurred between the rulings upon the motions and that the Harpers believed that Judge Yelton should not have been able to order the filing of the bond. The Harpers alone chose to ignore that order in the hope that this court would declare that Judge Yelton had no authority to enter the order. By their choice, they alone bore the risk that their appeal would fail and that they would lose their statutory right to contest the will.[3]

■ The final contention in regard to their claim that they did not receive procedural due process is that the Harpers were not afforded a hearing on their motion to intervene, which was filed at the same time that they filed their will contest. The motion, addressed to the matter of the Living Trust, was denied because the Estate stated, in a reply to the motion, that the Harpers could review the original trust document in the office of its counsel and that copies of the trust document were sent to the Harpers. The trial court found this to be sufficient.

The Harpers allege that they were never informed that they could inspect the original documents in the office of the Estate's counsel. How this fact may lead to the requirement of a hearing is unclear. Even were a hearing held, we would expect no more than that this same information would have been presented to the court and that the intervention would have been denied. The Harpers were given what they wanted, access to the original document, only it was not in the specific manner that they asked to receive it. We are also unpersuaded by the Harpers' claim that their real concern is that the trust document was forged and that they may have needed to have it examined by an expert. Once again, the assertion does not support the contention that the Harpers were denied procedural due process. Had they found it necessary, they could have hired an expert to view the original document. Whether that would ultimately be in the office of opposing counsel or whether a request to submit the document to the expert would be filed with the court is unclear. But either way, a hearing was not necessary upon the motion to intervene.

The order of the trial court dismissing the will contest is affirmed.

ROBB, J., and GARRARD, Sr.J., concur.

**3.** The time frame for properly challenging the will has long passed as of this date. *See Matter of Niemiec's Estate,* 435 N.E.2d 999 (Ind.Ct.App.1982) (stating that a proceeding to contest a will is purely statutory and can only be brought and maintained within the time and upon grounds prescribed by statute); Ind.Code § 29–1–7–17 (Burns Code Ed. Supp.2003) (requiring that will contest be filed within three months after date of order admitting the will to probate).